# **<u>EXHIBIT A</u>**

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/2/2022 2:05 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

# IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **SHANTELLE REAMS,** | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.:** |
| **v.** | * | 2022CV0149 |
| **RAFAEL BUCAREY,** | * | |
| **WERNER ENTERPRISES, INC. &** | | |
| **ACE AMERICAN** | | |
| **INSURANCE COMPANY** | * | |
| **Defendants.** | | |
| | * | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:  RAFAEL BUCAREY

You are hereby summoned and required to file with the Clerk of said Court and serve upon Carl G. Fulp, III, Plaintiff's attorney, whose address is P.O. Box 3123, Valdosta, Ga. 31604-3123, appropriate defensive pleadings to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Dated this 2nd day of January 2022.

/s/ Stacy Barrett

DEPUTY/CLERK OF COURT

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **SHANTELLE REAMS,** | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.:** |
| **v.** | * | _____ |
| **RAFAEL BUCAREY,** | * | |
| **WERNER ENTERPRISES, INC. &** | | |
| **ACE AMERICAN** | | |
| **INSURANCE COMPANY** | * | |
| **Defendants.** | * | |

## <u>COMPLAINT</u>

Plaintiff, named above, for complaint against the above named Defendants, alleges and states as follows:

### JURISDICTION AND PARTIES

1.

Plaintiff is a resident of Lowndes County and the State of Georgia.

2.

Defendant Rafael Bucarey is a resident of the State of Nebraska and may be served with process at 14507 Frontier Road, Omaha, NE. 68138.

3.

Defendant Rafael Bucarey may be served pursuant to the provisions of the Georgia Nonresident Motorist Act found at O.C.G.A. §40-12-1 et. Seq.

4.

Defendant Werner Enterprises, Inc. is a corporation organized under the laws and jurisdiction of the State of Nebraska with a principal place of business located at 14507 Frontier Road, Omaha, NE. 68138 and is authorized to do business in the State of Georgia.

5.

Defendant Werner Enterprises, Inc. may be served through its registered agent Corporate Creations Network, Inc.

6.

Defendant Ace American Insurance Company is an insurance company organized under the laws and jurisdiction of the State of Pennsylvania and is authorized to do business in the State of Georgia.

7.

Defendant Ace American Insurance Company's principle office is located in Philadelphia, Pennsylvania.

8.

Defendant Ace American Insurance Company may be served through its register agent, C. T. Corporation System, 289 S. Culver St., Lawrenceville, GA 30046-4805.

9.

Venue and jurisdiction are proper with this Court.

FACTUAL BACKGROUND

10.

On March 16, 2021, the Plaintiff was at a complete stop at a red light on Perimeter Road, in Valdosta, Lowndes County Georgia.

11.

Defendant Rafael Bucarey was the driver of a semi-truck owned by Defendant Werner Enterprises, Inc.  The Defendant was at the red light in front of the Plaintiff when all of a sudden, he began to back up the semi-truck.  The Defendant backed into the front of Plaintiff's vehicle.

12.

The semi-truck driven by Defendant Bucarey was being operated by him in the capacity as an employee, servant, or agent of Defendant Werner Enterprises, Inc.

13.

Plaintiff has suffered personal injury arising out of the incident which occurred on March 16, 2021.

## COUNT ONE

### GENERAL NEGLIGENCE

14.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-13 of this Complaint as if fully set forth herein.

15.

Defendant Bucarey owed a duty of care to the Plaintiff in the operation of the semi-truck owned by Werner Enterprises, Inc.

16.

Defendant Bucarey failed to use ordinary care by negligently operating the semi-truck and disregarding safety to himself and other drivers.

17.

Defendant Bucarey's negligence is the proximate and legal cause of the injuries sustained by the Plaintiff.

18.

As a result of the negligence of Defendant Rafael Bucarey, the Plaintiff suffered injuries to her person and incurred pain, suffering, and emotional distress.

19.

Plaintiff has suffered special damages as outline below:

**MEDICAL EXPENSES:**

| | |
|---|---|
| South Georgia Medical Center | $ 5,381.00 |
| South Georgia Emergency Medicine Associates, P.C. | $ 1,697.00 |
| Radiology Associates of Valdosta, LLC. | $   392.00 |
| Care Medical Center | $11,645.00 |
| Open MRI of Tifton, LLC | $ 2,598.00 |
| Walgreens Pharmacy | $    89.44 |
| **Total** | **$21,802.44** |

## COUNT TWO

### NEGLIGENCE PER SE

20.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-19 of the Complaint as if fully set forth herein.

21.

Defendant Bucarey was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. by backing the semi-truck into the Plaintiff's vehicle while stopped at a red light in violation of Georgia statute.

22.

Defendant Bucarey was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. by backing the semi-truck up until he hit the Plaintiff's vehicle in violation of Georgia statute. Said violation constitutes as negligence *per se*.

23.

The above-named statute created a duty on Defendant Bucarey in which Plaintiff was a member of the class sought to be protected.

24.

As a proximate legal result of the negligence of Defendant Bucarey in violation of Georgia statute, the Plaintiff suffered injury, and suffered significant medical bills, pain, suffering, and emotional distress.

## **COUNT THREE**

RESPONDENT SUPERIOR

25.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-24 of this Complaint as if fully set forth herein.

26.

At all times pertinent hereto, Defendant Bucarey was an employee, servant, and agent of Defendant Werner Enterprises, Inc.

27.

On March 16, 2021, Defendant Bucarey was acting within the course and scope of his employment of Defendant Werner Enterprises, Inc. when he was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. which led to the Plaintiff's injuries.

28.

Defendant Werner Enterprises, Inc. is thus liable to the Plaintiff for the damages and suffering caused by its employee's negligence or gross negligence.

## COUNT FOUR

### NEGLIGENT HIRING AND RETENTION

29.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-28 of this Complaint as fully set forth herein.

30.

Defendant Werner Enterprises, Inc. failed to maintain adequate policies and procedures for their employees.

31.

Appropriate investigation into the background and capabilities of Defendant Bucarey would have revealed that he should not be retained as an employee of Defendant Werner Enterprises, Inc.

32.

Defendant Werner Enterprises, Inc. was negligent in the hiring and retention of Defendant Bucarey as its employee.

33.

The Plaintiff is entitled to recover from Defendant Werner Enterprises, Inc. for its negligent hiring and retention of Defendant Bucarey.

## COUNT FIVE

### DIRECT ACTION

34.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-33 of this Complaint as if fully set forth herein.

35.

Defendant Ace American Insurance Company is the liability insurance carrier for Defendant Werner Enterprises, Inc.

36.

Defendant Ace American Insurance Company issued a comprehensive liability policy to Defendant Werner Enterprises, Inc. which provides insurance coverages for negligence acts of Defendant Werner Enterprises, Inc. and its employees, servants, and agents.

37.

The insurance policy issued by Defendant Ace American Insurance Company has been filed and approved by the Georgia Public Service Commission in compliance with O.C.G.A. §40-1-112.

38.

The insurance policy issued by Defendant Ace American Insurance Company is for the benefit of those who have a cause of action for damages for negligence of the motor carrier, Defendant Werner Enterprises, Inc.

39.

The insurance policy issued by Defendant Ace American Insurance Company is for the benefit of the Plaintiff in this action against Defendants.

40.

Defendant Ace American Insurance Company has failed and refused to settle or otherwise resolve the claims of the Plaintiff against the Defendant.

41.

The Plaintiff is entitled to recover against Defendant Ace American Insurance Company for all of her claims herein.

## COUNT SIX

PUNITIVE DAMAGES

42.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-41 of this Complaint as if fully set forth herein.

43.

The wrongful acts of Defendants show willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care which raises the presumption of conscious indifference to consequences and the right of others.

44.

Punitive damages should be imposed upon Defendants to keep such wrongful conduct from being repeated.

45.

The Plaintiff is entitled to recover punitive damages from the Defendants for their wrongful conduct.

WHEREFORE PLAINTIFFS PRAY FOR THE FOLLOWING RELIEF:

(a)     That process issue according to law;

(b)     That judgment be issued against the Defendants;

(c)     That Plaintiff be awarded Special Damages in an amount of at least $21,802.44;

(d)     That the Plaintiff have a trial by a jury;

(e)     That the Plaintiff be awarded general damages at an amount to be determined at trial;

(f)     That the Plaintiff be awarded punitive damages in an amount to be determined at trial;

(g)     That the Plaintiff be awarded attorneys fees and costs for the necessity of having to

file a lawsuit; and

(h)     Any other relief the Court deems just and proper.

This _2nd_ day of ~~January~~, 2022.
        February

Address of Counsel:                                    BY: _____
P.O. Box 3123                                                Carl G. Fulp, III
Valdosta, GA 31604-3123                                      State Bar No.: 280569
(229) 242-14341

*Bucarey, Rafael*
*2021679408*
*3-16-21*
*MJ*    02/11/2022
*Attn MP*



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Werner Enterprises, Inc.
Sandy Wagner
Werner Enterprises
14507 Frontier Road
Omaha NE 68138

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2022-34

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | Entity Served: | Werner Enterprises, Inc. |
|---|---|---|
| 2. | Title of Action: | Shantelle Reams vs. Rafael Bucarey, Werner Enterprises, Inc. & ACE American Insurance Company |
| 3. | Document(s) Served: | Sheriff's Entry of Service<br>Summons<br>Complaint<br>Plaintiff's First Interrogatories and Request for Production to Defendant Werner Enterprises, Inc. |
| 4. | Court/Agency: | Lowndes County Superior Court |
| 5. | State Served: | Georgia |
| 6. | Case Number: | 2022CV0149 |
| 7. | Case Type: | Negligent Hiring and Retention |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Thursday 02/10/2022  ✗✗ |
| 10. | Date to Client: | Friday 02/11/2022 |
| 11. | # Days When Answer Due:<br>Answer Due Date: | 30<br>Saturday 03/12/2022 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | Carl G. Fulp III<br>Valdosta, GA<br>229-242-1434 |
| 13. | Shipped To Client By: | Regular Mail and Email with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 111 |
| 16. | Notes: | Please note that due to the carbon paper, the print quality of the original document is poor, as a courtesy the original is being sent to your attention by regular mail.<br>Also Attached:<br>* Exhibit "A"<br>* Exhibit "B" |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

**SHERIFF'S ENTRY OF SERVICE**

Marietta, Georgia      COBB COUNTY

Superior Court ☐      State Court ☐



Attorney's Address

Civil Action No. _____

Date Filed _____

Name and Address of Party to be Served

_____        _____

_____        _____

_____        _____

                                                    **Plaintiff**

                                    VS.

_____        _____

_____        _____

                        Garnishee                    Defendant

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** Served the defendant *Werner Enterprises, Inc.* a corporation by leaving a copy of the within action and summons with *Anna Moss  Corporate* in charge of the office and place of doing business of said Corporation in this County. *Crossing Network*

**TACK & MAIL** I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _____10_____ day of _____Feb_____, 20_22_

_____
                                    **DEPUTY**

SHERIFF DOCKET _____  PAGE _____

_____
                        COBB COUNTY, GEORGIA

WHITE: Clerk      CANARY: Plaintiff Attorney      PINK: Defendant

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Cou
2022CV014!
2/3/2022 8:35 AM
Beth C. Green
Clerk of Superior State Juvenile Court
Reviewed by: Stacy Barret

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| SHANTELLE REAMS, | * | |
| Plaintiff, | * | **CIVIL ACTION NO.:** |
| v. | * | 2022CV0149 |
| RAFAEL BUCAREY, | * | |
| WERNER ENTERPRISES, INC. & | | |
| ACE AMERICAN | | |
| INSURANCE COMPANY | * | |
| Defendants. | | |
| | * | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: WERNER ENTERPRISES, INC.

You are hereby summoned and required to file with the Clerk of said Court and serve upon Carl G. Fulp, III, Plaintiff's attorney, whose address is P.O. Box 3123, Valdosta, Ga. 31604-3123, appropriate defensive pleadings to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Dated this ___3rd___ day of ___February___ 2022.

/s/ Stacy Barrett
_____
DEPUTY/CLERK OF COURT

IN THE SUPERIOR COURT OF LOWNDES COUNTY

STATE OF GEORGIA

SHANTELLE REAMS,                        *

    **Plaintiff,**                          *        CIVIL ACTION NO.:

**v.**                                  *        _____

**RAFAEL BUCAREY,**                     *
**WERNER ENTERPRISES, INC.  &**
**ACE AMERICAN**
**INSURANCE COMPANY**                   *

    **Defendants.**                         *

_____

## COMPLAINT

Plaintiff, named above, for complaint against the above named Defendants, alleges and states as follows:

### JURISDICTION AND PARTIES

1.

Plaintiff is a resident of Lowndes County and the State of Georgia.

2.

Defendant Rafael Bucarey is a resident of the State of Nebraska and may be served with process at 14507 Frontier Road, Omaha, NE. 68138.

3.

Defendant Rafael Bucarey may be served pursuant to the provisions of the Georgia Nonresident Motorist Act found at O.C.G.A. §40-12-1 et. Seq.

4.

Defendant Werner Enterprises, Inc. is a corporation organized under the laws and jurisdiction of the State of Nebraska with a principal place of business located at 14507 Frontier Road, Omaha, NE. 68138 and is authorized to do business in the State of Georgia.

5.

Defendant Werner Enterprises, Inc. may be served through its registered agent Corporate Creations Network, Inc.

6.

Defendant Ace American Insurance Company is an insurance company organized under the laws and jurisdiction of the State of Pennsylvania and is authorized to do business in the State of Georgia.

7.

Defendant Ace American Insurance Company's principle office is located in Philadelphia, Pennsylvania.

8.

Defendant Ace American Insurance Company may be served through its register agent, C. T. Corporation System, 289 S. Culver St., Lawrenceville, GA 30046-4805.

9.

Venue and jurisdiction are proper with this Court.

FACTUAL BACKGROUND

10.

On March 16, 2021, the Plaintiff was at a complete stop at a red light on Perimeter Road, in Valdosta, Lowndes County Georgia.

11.

Defendant Rafael Bucarey was the driver of a semi-truck owned by Defendant Werner Enterprises, Inc. The Defendant was at the red light in front of the Plaintiff when all of a sudden, he began to back up the semi-truck. The Defendant backed into the front of Plaintiff's vehicle.

12.

The semi-truck driven by Defendant Bucarey was being operated by him in the capacity as an employee, servant, or agent of Defendant Werner Enterprises, Inc.

13.

Plaintiff has suffered personal injury arising out of the incident which occurred on March 16, 2021.

## COUNT ONE

### GENERAL NEGLIGENCE

14.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-13 of this Complaint as if fully set forth herein.

15.

Defendant Bucarey owed a duty of care to the Plaintiff in the operation of the semi-truck owned by Werner Enterprises, Inc.

16.

Defendant Bucarey failed to use ordinary care by negligently operating the semi-truck and disregarding safety to himself and other drivers.

17.

Defendant Bucarey's negligence is the proximate and legal cause of the injuries sustained by the Plaintiff.

18.

As a result of the negligence of Defendant Rafael Bucarey, the Plaintiff suffered injuries to her person and incurred pain, suffering, and emotional distress.

19.

Plaintiff has suffered special damages as outline below:

**MEDICAL EXPENSES:**

| | |
|---|---|
| South Georgia Medical Center | $ 5,381.00 |
| South Georgia Emergency Medicine Associates, P.C. | $ 1,697.00 |
| Radiology Associates of Valdosta, LLC. | $  392.00 |
| Care Medical Center | $11,645.00 |
| Open MRI of Tifton, LLC | $ 2,598.00 |
| Walgreens Pharmacy | $   89.44 |
| **Total** | **$21,802.44** |

## COUNT TWO

### NEGLIGENCE PER SE

20.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-19 of the Complaint as if fully set forth herein.

21.

Defendant Bucarey was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. by backing the semi-truck into the Plaintiff's vehicle while stopped at a red light in violation of Georgia statute.

22.

Defendant Bucarey was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. by backing the semi-truck up until he hit the Plaintiff's vehicle in violation of Georgia statute. Said violation constitutes as negligence *per se*.

23.

The above-named statute created a duty on Defendant Bucarey in which Plaintiff was a member of the class sought to be protected.

24.

As a proximate legal result of the negligence of Defendant Bucarey in violation of Georgia statute, the Plaintiff suffered injury, and suffered significant medical bills, pain, suffering, and emotional distress.

## **COUNT THREE**

RESPONDENT SUPERIOR

25.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-24 of this Complaint as if fully set forth herein.

26.

At all times pertinent hereto, Defendant Bucarey was an employee, servant, and agent of Defendant Werner Enterprises, Inc.

27.

On March 16, 2021, Defendant Bucarey was acting within the course and scope of his employment of Defendant Werner Enterprises, Inc. when he was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. which led to the Plaintiff's injuries.

28.

Defendant Werner Enterprises, Inc. is thus liable to the Plaintiff for the damages and suffering caused by its employee's negligence or gross negligence.

## **COUNT FOUR**

### NEGLIGENT HIRING AND RETENTION

29.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-28 of this Complaint as fully set forth herein.

30.

Defendant Werner Enterprises, Inc. failed to maintain adequate policies and procedures for their employees.

31.

Appropriate investigation into the background and capabilities of Defendant Bucarey would have revealed that he should not be retained as an employee of Defendant Werner Enterprises, Inc.

32.

Defendant Werner Enterprises, Inc. was negligent in the hiring and retention of Defendant Bucarey as its employee.

33.

The Plaintiff is entitled to recover from Defendant Werner Enterprises, Inc. for its negligent hiring and retention of Defendant Bucarey.

## COUNT FIVE

DIRECT ACTION

34.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-33 of this Complaint as if fully set forth herein.

35.

Defendant Ace American Insurance Company is the liability insurance carrier for Defendant Werner Enterprises, Inc.

36.

Defendant Ace American Insurance Company issued a comprehensive liability policy to Defendant Werner Enterprises, Inc. which provides insurance coverages for negligence acts of Defendant Werner Enterprises, Inc. and its employees, servants, and agents.

37.

The insurance policy issued by Defendant Ace American Insurance Company has been filed and approved by the Georgia Public Service Commission in compliance with O.C.G.A. §40-1-112.

38.

The insurance policy issued by Defendant Ace American Insurance Company is for the benefit of those who have a cause of action for damages for negligence of the motor carrier, Defendant Werner Enterprises, Inc.

39.

The insurance policy issued by Defendant Ace American Insurance Company is for the benefit of the Plaintiff in this action against Defendants.

40.

Defendant Ace American Insurance Company has failed and refused to settle or otherwise resolve the claims of the Plaintiff against the Defendant.

41.

The Plaintiff is entitled to recover against Defendant Ace American Insurance Company for all of her claims herein.

## **COUNT SIX**

PUNITIVE DAMAGES

42.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-41 of this Complaint as if fully set forth herein.

43.

The wrongful acts of Defendants show willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care which raises the presumption of conscious indifference to consequences and the right of others.

44.

Punitive damages should be imposed upon Defendants to keep such wrongful conduct from being repeated.

45.

The Plaintiff is entitled to recover punitive damages from the Defendants for their wrongful conduct.

WHEREFORE PLAINTIFFS PRAY FOR THE FOLLOWING RELIEF:

(a)     That process issue according to law;

(b)     That judgment be issued against the Defendants;

(c)     That Plaintiff be awarded Special Damages in an amount of at least $21,802.44;

(d)     That the Plaintiff have a trial by a jury;

(e)     That the Plaintiff be awarded general damages at an amount to be determined at trial;

(f)     That the Plaintiff be awarded punitive damages in an amount to be determined at trial;

(g)    That the Plaintiff be awarded attorneys fees and costs for the necessity of having to

       file a lawsuit; and

(h)    Any other relief the Court deems just and proper.


       This 2nd day of ~~January~~, 2022.
                  February

Address of Counsel:                          BY: _____
P.O. Box 3123                                    Carl G. Fulp, III
Valdosta, GA 31604-3123                          State Bar No.: 280569
(229) 242-14341

SHERIFF'S ENTRY OF SERVICE

Civil Action No. _____

Date Filed _____

Attorney's Address

Carl G. Fulp, III

P.O. Box 3123

Valdosta, GA. 31604-3123

Name and Address of Party to Served

Werner Enterprises, Inc. c/o Corporate

Creations Network, Inc. 2985 Gordy Parkway

1st floor, Marietta, GA. 30006

| Superior Court | Magistrate Court |
| State Court | Probate Court |
| Juvenile Court | |

Georgia, Lowndes _____ COUNTY

SHANTELLE REAMS

_____
                                    Plaintiff

VS.

RAFAEL BUCAREY, WERNER ENTERPR-

SES, INC. & ACE AMERICAN INS. CO.
                                    Defendant

_____

_____
                                    Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**

I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years: weight _____ pounds: height _____ feet and _____ inches. domiciled at the residence of
defendant.

**CORPORATION**

Served the defendant Werner Enterprises, Inc _____ a corporation

☐ by leaving a copy of the within action and summons with Derek J. Leaters/Registered Agent, Corporate Creations Network, Inc.
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons. with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This _____ day of _____, 20 22 .

      DEPUTY

                              **PLAINTIFF'S COPY**

SHERIFF'S ENTRY OF SERVICE

Civil Action No. _____

Date Filed _____

Attorney's Address
Carl G. Fulp, III

Plaintiff

P.O. Box 3123

Valdosta, GA 31604-3123

Name and Address of Party to Served

Werner Enterprises, Inc. c/o Corporate

Creations Network, Inc. 2985 Gordy Parkway

1st floor, Marietta, GA. 30006

| Superior Court | Magistrate Court |
|---|---|
| State Court | Probate Court |
| Juvenile Court | |

Georgia, **Lowndes** _____ COUNTY

SHANTELLE REAMS

VS.

RAFAEL BUCAREY, WERNER ENTERPR-

SES, INC. & ACE AMERICAN INS. CO.

Defendant

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows:
age. about _____ years: weight _____ pounds: height _____ feet and _____ inches. domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant Werner Enterprises, Inc _____ a corporation

by leaving a copy of the within action and summons with Derek J. Leaters/Registered Agent, Corporate Creations Network, Inc.
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant(s) at the address shown in said summons. with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _____ day of _____, 20 22 .

DEPUTY

**DEFENDANT'S COPY**

Print Form

SHERIFF'S ENTRY OF SERVICE

Civil Action No. _____

Date Filed _____

Attorney's Address

Carl G. Fulp, III

P.O. Box 3123

Valdosta, GA. 31604-3123

Name and Address of Party to Served

Werner Enterprises, Inc. c/o Corporate

Creations Network, Inc. 2985 Gordy Parkway

1st floor, Marietta, GA. 30006

| | |
|---|---|
| Superior Court ● | Magistrate Court ☐ |
| State Court ☐ | Probate Court ☐ |
| Juvenile Court ☐ | |

Georgia, Lowndes _____ COUNTY

SHANTELLE REAMS

_____
                                              Plaintiff

VS.

RAFAEL BUCAREY, WERNER ENTERPR-

ISES, INC. & ACE AMERICAN INS. CO.
                                              Defendant

_____

_____
                                              Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant Werner Enterprises, Inc. _____ a corporation
by leaving a copy of the within action and summons with Derek J. Leaters/Registered Agent, Corporate Creations Network, Inc.
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _____ day of _____, 20 22 .

_____
DEPUTY

**CLERK'S COPY**

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Cour
2022CV014!
2/2/2022 2:05 PM
Beth C. Green
Clerk of Superior State Juvenile Court
Reviewed by: Stacy Barrel

# IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| SHANTELLE REAMS, | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.:** |
| v. | * | 2022CV0149 |
| RAFAEL BUCAREY, | * | |
| WERNER ENTERPRISES, INC. & | | |
| ACE AMERICAN | | |
| INSURANCE COMPANY | * | |
| **Defendants.** | | |
| | * | |

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT WERNER ENTERPRISES, INC.

The Plaintiff, Shantelle Reams, requests that the Defendant, Werner Enterprises, Inc. answer under oath, and in accordance with Section 33 of the Georgia Civil Practice Act the interrogatories hereto annexed as Exhibit "A" hereof and serve a copy of such answers upon the undersigned within forty-five (45) days after the service of these interrogatories; and, these interrogatories hereby being designated as continuing in nature, requests that additional and supplementary answers and amendments thereafter be successively and seasonably made as may be necessary to continuously answer said interrogatories, currently, fully, truthfully and completely, and also as required by the Georgia Civil Practice Act in Section 26 (e) (1) (2) and (3).

Pursuant to Section 34, produce legible copies of all documents requested or produce for inspection and copying by the Defendant, all items listed on Exhibit "B" hereto annexed, at the offices of Attorney, Carl G. Fulp, III, P.O. Box 3123, Valdosta, GA. 31604-3123.

hereto annexed within 45 days after service of these Requests for Admission.

This __2nd__ day of February 2022.

Address of Counsel:
P.O. Box 3123
Valdosta, GA 31604-3123
(229) 242-143

BY: _____
Carl G. Fulp III
State Bar No. 280569

## EXHIBIT "A"

## INTERROGATORIES

1.

Please state the full name, address, occupation, and title of the person answering these interrogatories.

2.

Please state your state of incorporation and state of your principal place of business.

3.

If the Insurance Company "Ace American Insurance Company" is not properly named, please state the full and correct name of the entity identified as Ace American Insurance Company in this suit both at the present and at the date of the occurrence in question.

4.

State the name and address of any potential party to this lawsuit, not already a party hereto.

5.

State the name and address of each person, including experts, having any knowledge of relevant facts related to the accident which is the basis of this lawsuit, the cause thereof, or the damages resulting therefrom.

6.

State the name, address, and qualifications of each expert whom you expect to call as an expert witness at the trial of this case, the subject matter concerning which the expert expects to testify, and attach a copy of any report, including factual observations and opinions, which has been prepared by any such expert.

7.

Please state whether or not you have a copy of any statement which the plaintiff has previously made concerning the action or its subject matter and which is in your possession, custody or control.  For the purpose of this question, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

8.

Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured, the name of the insurer, and the amount of any liability insurance coverage.

9.

Describe in your own words how the accident occurred and state specifically and in detail what the claim or contention of  Ace American Insurance Company Insurance Company will be regarding any cause or contributing cause of the accident, including a statement in detail of the facts or information upon which this contention is based.

10.

What are the names, addresses, telephone numbers, places for employment, job titles, or capacities, and present whereabouts of all servants, agents, employees, representatives, private investigators, insurance adjusters, or others who investigated the injuries complained on in this case or on behalf of Ace American Insurance Company Insurance Company?

11.

List and identify in specific detail each and every document or documents (as defined in the preamble above) or other items of real or documentary evidence having any connection with

or containing any information or material which is or may be relevant to any of the issues involved in the captioned matter (including, but not limited to, medical reports, statements of witnesses or parties to this suit, reports or investigations, and bills for services and expenses) provide a description or other means of exact identification of each such document, the date of each such document, the name, address and place of employment of the person who has custody or control of each such document and state where and when Plaintiff may examine same.  If you will do so without notice to produce, attach a copy of each such document to your answers to these interrogatories.

12.

Only if you allege any defense to the action based on jurisdiction, venue, issuance of process, process itself, or service of process, as to each such defense, please state:

(a) Each and every fact upon which you rely in asserting such defense;

(b) Provide a complete description of all documents which you contend support the assertions of the said defense;

(c) The name and address of all persons having custody and control of the documents described in (b) above; and

(d) Please provide full and complete legal addresses of this Defendant's registered office and agent.

13.

Describe in detail any conversations you have had with the plaintiff or plaintiff's representative following the accident in question.

14.

What are the names, addresses, telephone numbers, places for employment, job titles, or capacities, and present whereabouts of all witnesses known to Ace American Insurance Company Insurance Company who:

    a. Arrived or claimed they arrived at the scene of the accident immediately or shortly after its happening.

    b. Saw or claimed they saw any part of the accident complained of in this action.

    c. Have knowledge or relevant information, facts, or circumstances in this case.

    d. Progressive intends to have testify or are considering having testify in their behalf in this case, whether in person or in deposition.

15.

Were any statements, written or otherwise, obtained from anyone, including dependent or other parties to this action, interviewed or questioned by or on behalf of the defendant in connection with the injuries complained of in this case?  If so:

    a. List the names, addresses, telephone numbers, places for employment, job titles, or capacities, and present whereabouts of all persons giving such statements, the date on which they were obtained, and the person or persons who have present custody and/or control thereof.

    b. If you will do so without a request for production of documents, please attach a copy of such statements to your answers to these interrogatories.

16.

a. Please furnish the name or names of the liability insurance carrier or carriers for the defendant at the time of the injuries complained of, and furnish a policy limit (that is the

amount of coverage) of any liability insurance policies in force at the time of the injuries complained of as well as the policy (ies) numbers.

b.   State whether or not defendant has any excess liability insurance coverage such as a policy providing what is commonly called "umbrella coverage" or protection or any similar excess liability coverage policy (ies).

c.   If you will please do so without a request for production documents, please attach copies of such policy to your answers to these interrogatories.

17.

Please furnish the names, addresses, telephone numbers, places for employment, job titles, or capacities, and present whereabouts of all witnesses defendant has employed in anticipation of the litigation and state the following: name and address of witness, name and address of his or her employer, or organization with which he or she is associated in a professional capacity, and substance to the facts as to which he or she is expected to testify.

18.

Please state whether you conducted an investigation of the incident which forms the basis of this suit.

19.

Please state whether it was the regular course of business and standard procedure for the Progressive to investigate any claim submitted.

**EXHIBIT "B"**
**PRODUCTION REQUESTED**

1.

Names and addresses of together with any and all expert reports which have been obtained from any expert and if a report has not been prepared, the preparation of a report is hereby requested.

2.

Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering Defendant or the automobile being driven by Defendant at the time in question.

3.

Copies of any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by plaintiff hereto and contemporaneously recorded.

4.

Any pictures or videos taken relative to the claims of the accident scene which forms the basis of this suit.

5.

Any and all documents relevant to this case including those which may be offered as evidence.

6.

All training manuals or procedures in use by Ace American Insurance Company for training its employees claims investigation.

7.

All employee handbooks which were distributed to the employees and which are applicable in the approximate time period of the Plaintiff's claim.

8.

Copies of any incident or accident report prepared in relation to the incident which forms the basis of this suit.

9.

A certified copy of your policy issued to Plaintiff.

10.

Originals or copies of all written or recorded statements relating to the incident in this case.

11.

Copies of any incident or accident report prepared in relation to the incident which forms the basis of this suit.

12.

Copies of your claims file with regard to the incident which forms the basis of this suit.

13.

Copies of your investigative file with regard to the incident which forms the basis of this suit.

14.

Copies of your underwriting file with regard to the incident which forms the basis of this suit.

15.

Copies of each photograph, video, plat, chart or drawing available to you which illustrates or supports any contentions made by you, or which you expect to make, in this action, or which are pertinent to any of the issues involved in this action.

16.

A complete copy of all rating information used to underwrite the policy issued to your insured, and a complete copy of your underwriting, investigative, and claims files on your insured.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN LIEU OF PRODUCTION AT THE DESIGNATED PLACE, YOU MAY MAKE SUCH PRODUCTION BY ATTACHING TO YOUR ANSWERS TO THE FOREGOING INTERROGATORIES, OR TO YOUR RESPONSE TO THIS NOTICE TO PRODUCE, TRUE AND CORRECT COPIES OF THE DOCUMENTS, ITEMS AND WRITINGS OF WHICH PRODUCTION IS REQUESTED AND SERVING THE SAME WITH THE COPIES OF YOUR ANSWERS TO THE FOREGOING INTERROGATORIES, OR TO YOUR RESPONSE TO THE REQUEST FOR PRODUCTION.

FEB 1 0 2022

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/2/2022 2:05 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **SHANTELLE REAMS,** | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.:** |
| **v.** | * | 2022CV0149 |
| **RAFAEL BUCAREY,** | * | |
| **WERNER ENTERPRISES, INC. &** | | |
| **ACE AMERICAN** | | |
| **INSURANCE COMPANY** | * | |
| **Defendants.** | | |
| | * | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:  ACE AMERICAN INSURANCE CO.

You are hereby summoned and required to file with the Clerk of said Court and serve upon Carl G. Fulp, III, Plaintiff's attorney, whose address is P.O. Box 3123, Valdosta, Ga. 31604-3123, appropriate defensive pleadings to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Dated this ___2nd___ day of ___February___ 2022.

/s/ Stacy Barrett
_____
DEPUTY/CLERK OF COURT

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **SHANTELLE REAMS,** | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.:** |
| **v.** | * | _____ |
| **RAFAEL BUCAREY,** | * | |
| **WERNER ENTERPRISES, INC.  &** | | |
| **ACE AMERICAN** | | |
| **INSURANCE COMPANY** | * | |
| **Defendants.** | | |
| _____ | * | |

## <u>COMPLAINT</u>

Plaintiff, named above, for complaint against the above named Defendants, alleges and states as follows:

## JURISDICTION AND PARTIES

1.

Plaintiff is a resident of Lowndes County and the State of Georgia.

2.

Defendant Rafael Bucarey is a resident of the State of Nebraska and may be served with process at 14507 Frontier Road, Omaha, NE. 68138.

3.

Defendant Rafael Bucarey may be served pursuant to the provisions of the Georgia Nonresident Motorist Act found at O.C.G.A. §40-12-1 et. Seq.

4.

Defendant Werner Enterprises, Inc. is a corporation organized under the laws and jurisdiction of the State of Nebraska with a principal place of business located at 14507 Frontier Road, Omaha, NE. 68138 and is authorized to do business in the State of Georgia.

5.

Defendant Werner Enterprises, Inc. may be served through its registered agent Corporate Creations Network, Inc.

6.

Defendant Ace American Insurance Company is an insurance company organized under the laws and jurisdiction of the State of Pennsylvania and is authorized to do business in the State of Georgia.

7.

Defendant Ace American Insurance Company's principle office is located in Philadelphia, Pennsylvania.

8.

Defendant Ace American Insurance Company may be served through its register agent, C. T. Corporation System, 289 S. Culver St., Lawrenceville, GA 30046-4805.

9.

Venue and jurisdiction are proper with this Court.

FACTUAL BACKGROUND

10.

On March 16, 2021, the Plaintiff was at a complete stop at a red light on Perimeter Road, in Valdosta, Lowndes County Georgia.

11.

Defendant Rafael Bucarey was the driver of a semi-truck owned by Defendant Werner Enterprises, Inc. The Defendant was at the red light in front of the Plaintiff when all of a sudden, he began to back up the semi-truck. The Defendant backed into the front of Plaintiff's vehicle.

12.

The semi-truck driven by Defendant Bucarey was being operated by him in the capacity as an employee, servant, or agent of Defendant Werner Enterprises, Inc.

13.

Plaintiff has suffered personal injury arising out of the incident which occurred on March 16, 2021.

## COUNT ONE

GENERAL NEGLIGENCE

14.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-13 of this Complaint as if fully set forth herein.

15.

Defendant Bucarey owed a duty of care to the Plaintiff in the operation of the semi-truck owned by Werner Enterprises, Inc.

16.

Defendant Bucarey failed to use ordinary care by negligently operating the semi-truck and disregarding safety to himself and other drivers.

17.

Defendant Bucarey's negligence is the proximate and legal cause of the injuries sustained by the Plaintiff.

18.

As a result of the negligence of Defendant Rafael Bucarey, the Plaintiff suffered injuries to her person and incurred pain, suffering, and emotional distress.

19.

Plaintiff has suffered special damages as outline below:

**MEDICAL EXPENSES:**

| | |
|---|---|
| South Georgia Medical Center | $ 5,381.00 |
| South Georgia Emergency Medicine Associates, P.C. | $ 1,697.00 |
| Radiology Associates of Valdosta, LLC. | $   392.00 |
| Care Medical Center | $11,645.00 |
| Open MRI of Tifton, LLC | $ 2,598.00 |
| Walgreens Pharmacy | $    89.44 |
| **Total** | **$21,802.44** |

## COUNT TWO

NEGLIGENCE PER SE

20.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-19 of the Complaint as if fully set forth herein.

21.

Defendant Bucarey was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. by backing the semi-truck into the Plaintiff's vehicle while stopped at a red light in violation of Georgia statute.

22.

Defendant Bucarey was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. by backing the semi-truck up until he hit the Plaintiff's vehicle in violation of Georgia statute. Said violation constitutes as negligence *per se*.

23.

The above-named statute created a duty on Defendant Bucarey in which Plaintiff was a member of the class sought to be protected.

24.

As a proximate legal result of the negligence of Defendant Bucarey in violation of Georgia statute, the Plaintiff suffered injury, and suffered significant medical bills, pain, suffering, and emotional distress.

## **COUNT THREE**

RESPONDENT SUPERIOR

25.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-24 of this Complaint as if fully set forth herein.

26.

At all times pertinent hereto, Defendant Bucarey was an employee, servant, and agent of Defendant Werner Enterprises, Inc.

27.

On March 16, 2021, Defendant Bucarey was acting within the course and scope of his employment of Defendant Werner Enterprises, Inc. when he was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. which led to the Plaintiff's injuries.

28.

Defendant Werner Enterprises, Inc. is thus liable to the Plaintiff for the damages and suffering caused by its employee's negligence or gross negligence.

## **COUNT FOUR**

NEGLIGENT HIRING AND RETENTION

29.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-28 of this Complaint as fully set forth herein.

30.

Defendant Werner Enterprises, Inc. failed to maintain adequate policies and procedures for their employees.

31.

Appropriate investigation into the background and capabilities of Defendant Bucarey would have revealed that he should not be retained as an employee of Defendant Werner Enterprises, Inc.

32.

Defendant Werner Enterprises, Inc. was negligent in the hiring and retention of Defendant Bucarey as its employee.

33.

The Plaintiff is entitled to recover from Defendant Werner Enterprises, Inc. for its negligent hiring and retention of Defendant Bucarey.

## COUNT FIVE

DIRECT ACTION

34.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-33 of this Complaint as if fully set forth herein.

35.

Defendant Ace American Insurance Company is the liability insurance carrier for Defendant Werner Enterprises, Inc.

36.

Defendant Ace American Insurance Company issued a comprehensive liability policy to Defendant Werner Enterprises, Inc. which provides insurance coverages for negligence acts of Defendant Werner Enterprises, Inc. and its employees, servants, and agents.

37.

The insurance policy issued by Defendant Ace American Insurance Company has been filed and approved by the Georgia Public Service Commission in compliance with O.C.G.A. §40-1-112.

38.

The insurance policy issued by Defendant Ace American Insurance Company is for the benefit of those who have a cause of action for damages for negligence of the motor carrier, Defendant Werner Enterprises, Inc.

39.

The insurance policy issued by Defendant Ace American Insurance Company is for the benefit of the Plaintiff in this action against Defendants.

40.

Defendant Ace American Insurance Company has failed and refused to settle or otherwise resolve the claims of the Plaintiff against the Defendant.

41.

The Plaintiff is entitled to recover against Defendant Ace American Insurance Company for all of her claims herein.

## **COUNT SIX**

PUNITIVE DAMAGES

42.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs1-41 of this Complaint as if fully set forth herein.

43.

The wrongful acts of Defendants show willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care which raises the presumption of conscious indifference to consequences and the right of others.

44.

Punitive damages should be imposed upon Defendants to keep such wrongful conduct from being repeated.

45.

The Plaintiff is entitled to recover punitive damages from the Defendants for their wrongful conduct.

WHEREFORE PLAINTIFFS PRAY FOR THE FOLLOWING RELIEF:

(a)     That process issue according to law;

(b)     That judgment be issued against the Defendants;

(c)     That Plaintiff be awarded Special Damages in an amount of at least $21,802.44;

(d)     That the Plaintiff have a trial by a jury;

(e)     That the Plaintiff be awarded general damages at an amount to be determined at trial;

(f)     That the Plaintiff be awarded punitive damages in an amount to be determined at trial;

(g)    That the Plaintiff be awarded attorneys fees and costs for the necessity of having to

file a lawsuit; and

(h)    Any other relief the Court deems just and proper.


This 2nd day of ~~January~~, 2022.
February

Address of Counsel:               BY: _____
P.O. Box 3123
Valdosta, GA 31604-3123         Carl G. Fulp, III
(229) 242-14341            State Bar No.: 280569

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
3/7/2022 1:45 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Victor Aviles

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| SHANTELLE R AMS, | * | |
| Plaintife, | * | CIVIL ACTION NO.: |
| v. | * | 2022CV0149 |
| RAFAEL BUCAREY, WERNER ENTERPRISES, INC. & ACE AMERICAN | * | |
| INSURANCE COMPANY | * | |
| Defendants. | * | |
| | * | |

## NOTICE OF DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Subsection (d) of Code Section 9-11-4 of the Off cial Code of Georgia Annotated requires certain parties to cooperate in saving unnecessary costs of service of the summons and the pleading. A def ndant located in the United States who, af er being notif ed of an action and asked by a plaintiff located in the United States to waive service of a summons, f ils to do so will be required to bear the cost of such service unless good cause be shown f r such def dant's f ilure to sign and retur the waiver.

It is not good cause f r a f ilure to waive service that a party believes that the complaint is unf unded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all def nses and objections (except any relating to the summons or to the service of the summons) and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specif ed on the waiver f rm, serve on the plaintiff s attor ey a response to the complaint and also must f le a signed copy of the response with the court. If the answer is not served within this time, a def ult judgment may

be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

This _____ day of March, 2022.

address of Counsel:                               BY: _____
Carl G. Fulp, III                                          Carl G. Fulp, III
P.O. Box 3123                                           State Bar No.: 280569
Valdosta, GA 31604-3123
(229) 242-1434

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/2/2022 2:05 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

# IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **SHANTELLE REAMS,** | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.:** |
| **v.** | * | 2022CV0149 |
| **RAFAEL BUCAREY,** | * | |
| **WERNER ENTERPRISES, INC. &** | | |
| **ACE AMERICAN** | | |
| **INSURANCE COMPANY** | * | |
| **Defendants.** | * | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: RAFAEL BUCAREY

You are hereby summoned and required to file with the Clerk of said Court and serve upon Carl G. Fulp, III, Plaintiff's attorney, whose address is P.O. Box 3123, Valdosta, Ga. 31604-3123, appropriate defensive pleadings to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Dated this 2nd day of January 2022.

/s/ Stacy Barrett
_____
DEPUTY/CLERK OF COURT

IN THE SUPERIOR COURT OF LOWNDES COUNTY

STATE OF GEORGIA

SHANTELLE REAMS,                        *

     Plaintiff,                         *          CIVIL ACTION NO.:

v.                                      *          _____

RAFAEL BUCAREY,                         *
WERNER ENTERPRISES, INC.  &
ACE AMERICAN
INSURANCE COMPANY                       *

     Defendants.                        *
_____         *

## COMPLAINT

Plaintiff, named above, for complaint against the above named Defendants, alleges and states as follows:

### JURISDICTION AND PARTIES

1.

Plaintiff is a resident of Lowndes County and the State of Georgia.

2.

Defendant Rafael Bucarey is a resident of the State of Nebraska and may be served with process at 14507 Frontier Road, Omaha, NE. 68138.

3.

Defendant Rafael Bucarey may be served pursuant to the provisions of the Georgia Nonresident Motorist Act found at O.C.G.A. §40-12-1 et. Seq.

4.

Defendant Werner Enterprises, Inc. is a corporation organized under the laws and jurisdiction of the State of Nebraska with a principal place of business located at 14507 Frontier Road, Omaha, NE. 68138 and is authorized to do business in the State of Georgia.

5.

Defendant Werner Enterprises, Inc. may be served through its registered agent Corporate Creations Network, Inc.

6.

Defendant Ace American Insurance Company is an insurance company organized under the laws and jurisdiction of the State of Pennsylvania and is authorized to do business in the State of Georgia.

7.

Defendant Ace American Insurance Company's principle office is located in Philadelphia, Pennsylvania.

8.

Defendant Ace American Insurance Company may be served through its register agent, C. T. Corporation System, 289 S. Culver St., Lawrenceville, GA 30046-4805.

9.

Venue and jurisdiction are proper with this Court.

FACTUAL BACKGROUND

10.

On March 16, 2021, the Plaintiff was at a complete stop at a red light on Perimeter Road, in Valdosta, Lowndes County Georgia.

11.

Defendant Rafael Bucarey was the driver of a semi-truck owned by Defendant Werner Enterprises, Inc. The Defendant was at the red light in front of the Plaintiff when all of a sudden, he began to back up the semi-truck. The Defendant backed into the front of Plaintiff's vehicle.

12.

The semi-truck driven by Defendant Bucarey was being operated by him in the capacity as an employee, servant, or agent of Defendant Werner Enterprises, Inc.

13.

Plaintiff has suffered personal injury arising out of the incident which occurred on March 16, 2021.

## COUNT ONE

### GENERAL NEGLIGENCE

14.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-13 of this Complaint as if fully set forth herein.

15.

Defendant Bucarey owed a duty of care to the Plaintiff in the operation of the semi-truck owned by Werner Enterprises, Inc.

16.

Defendant Bucarey failed to use ordinary care by negligently operating the semi-truck and disregarding safety to himself and other drivers.

17.

Defendant Bucarey's negligence is the proximate and legal cause of the injuries sustained by the Plaintiff.

18.

As a result of the negligence of Defendant Rafael Bucarey, the Plaintiff suffered injuries to her person and incurred pain, suffering, and emotional distress.

19.

Plaintiff has suffered special damages as outline below:

**MEDICAL EXPENSES:**

| | |
|---|---|
| South Georgia Medical Center | $ 5,381.00 |
| South Georgia Emergency Medicine Associates, P.C. | $ 1,697.00 |
| Radiology Associates of Valdosta, LLC. | $   392.00 |
| Care Medical Center | $11,645.00 |
| Open MRI of Tifton, LLC | $ 2,598.00 |
| Walgreens Pharmacy | $    89.44 |
| **Total** | **$21,802.44** |

## COUNT TWO

NEGLIGENCE PER SE

20.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-19 of the Complaint as if fully set forth herein.

21.

Defendant Bucarey was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. by backing the semi-truck into the Plaintiff's vehicle while stopped at a red light in violation of Georgia statute.

22.

Defendant Bucarey was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. by backing the semi-truck up until he hit the Plaintiff's vehicle in violation of Georgia statute. Said violation constitutes as negligence *per se*.

23.

The above-named statute created a duty on Defendant Bucarey in which Plaintiff was a member of the class sought to be protected.

24.

As a proximate legal result of the negligence of Defendant Bucarey in violation of Georgia statute, the Plaintiff suffered injury, and suffered significant medical bills, pain, suffering, and emotional distress.

## **COUNT THREE**

RESPONDENT SUPERIOR

25.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-24 of this Complaint as if fully set forth herein.

26.

At all times pertinent hereto, Defendant Bucarey was an employee, servant, and agent of Defendant Werner Enterprises, Inc.

27.

On March 16, 2021, Defendant Bucarey was acting within the course and scope of his employment of Defendant Werner Enterprises, Inc. when he was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. which led to the Plaintiff's injuries.

28.

Defendant Werner Enterprises, Inc. is thus liable to the Plaintiff for the damages and suffering caused by its employee's negligence or gross negligence.

## COUNT FOUR

NEGLIGENT HIRING AND RETENTION

29.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-28 of this Complaint as fully set forth herein.

30.

Defendant Werner Enterprises, Inc. failed to maintain adequate policies and procedures for their employees.

31.

Appropriate investigation into the background and capabilities of Defendant Bucarey would have revealed that he should not be retained as an employee of Defendant Werner Enterprises, Inc.

32.

Defendant Werner Enterprises, Inc. was negligent in the hiring and retention of Defendant Bucarey as its employee.

33.

The Plaintiff is entitled to recover from Defendant Werner Enterprises, Inc. for its negligent hiring and retention of Defendant Bucarey.

## COUNT FIVE

### DIRECT ACTION

34.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-33 of this Complaint as if fully set forth herein.

35.

Defendant Ace American Insurance Company is the liability insurance carrier for Defendant Werner Enterprises, Inc.

36.

Defendant Ace American Insurance Company issued a comprehensive liability policy to Defendant Werner Enterprises, Inc. which provides insurance coverages for negligence acts of Defendant Werner Enterprises, Inc. and its employees, servants, and agents.

37.

The insurance policy issued by Defendant Ace American Insurance Company has been filed and approved by the Georgia Public Service Commission in compliance with O.C.G.A. §40-1-112.

38.

The insurance policy issued by Defendant Ace American Insurance Company is for the benefit of those who have a cause of action for damages for negligence of the motor carrier, Defendant Werner Enterprises, Inc.

39.

The insurance policy issued by Defendant Ace American Insurance Company is for the benefit of the Plaintiff in this action against Defendants.

40.

Defendant Ace American Insurance Company has failed and refused to settle or otherwise resolve the claims of the Plaintiff against the Defendant.

41.

The Plaintiff is entitled to recover against Defendant Ace American Insurance Company for all of her claims herein.

## COUNT SIX

PUNITIVE DAMAGES

42.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-41 of this Complaint as if fully set forth herein.

43.

The wrongful acts of Defendants show willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care which raises the presumption of conscious indifference to consequences and the right of others.

44.

Punitive damages should be imposed upon Defendants to keep such wrongful conduct from being repeated.

45.

The Plaintiff is entitled to recover punitive damages from the Defendants for their wrongful conduct.

WHEREFORE PLAINTIFFS PRAY FOR THE FOLLOWING RELIEF:

(a)     That process issue according to law;

(b)     That judgment be issued against the Defendants;

(c)     That Plaintiff be awarded Special Damages in an amount of at least $21,802.44;

(d)     That the Plaintiff have a trial by a jury;

(e)     That the Plaintiff be awarded general damages at an amount to be determined at trial;

(f)     That the Plaintiff be awarded punitive damages in an amount to be determined at trial;

(g)     That the Plaintiff be awarded attorneys fees and costs for the necessity of having to

file a lawsuit; and

(h)     Any other relief the Court deems just and proper.


This __2nd__ day of ~~January~~, 2022.
                     February

Address of Counsel:                          BY: _____
P.O. Box 3123                                     Carl G. Fulp, III
Valdosta, GA 31604-3123                           State Bar No.: 280569
(229) 242-14341

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
3/7/2022 1:45 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Victor Aviles

# IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

SHANTELLE REAMS,                    *

    Plaintiff,                    *    CIVIL ACTION NO.:

v.                                  *    2022CV0149

RAFAEL BUCAREY,                     *
WERNER ENTERPRISES, INC.  &
ACE AMERICAN
INSURANCE COMPANY                   *

    Defendants.                   *

_____     *

TO:    Mr. Sean Cox
        Hall Booth Smith, P.C.
        191 Peachtree St. N.E.
        Suite 2900
        Atlanta, GA. 30303-1775

## WAIVER OF SERVICE OF SUMMONS

I acknowledge receipt of your request that I waive service of a summons in the action of Shantelle Reams v. Rafael Bucarey, Werner Enterprises, Inc. & Ace American Insurance Company, which is case number 2022CV0149 in the Superior Court of the State of Georgia in and for the County of Lowndes. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by

the Georgia Rules of Civil Procedure. I will retain all defenses or objections to the lawsuit or to

the jurisdiction or venue of the court except for objections based on a defect in the summons or

in the service of the summons. I understand that a judgment may be entered against me if an

answer is not served upon you within 60 days after the date this waiver was sent.

This _____ day of March, 2022.

BY:_____
Sean Cox
Attorney for Defendant
Rafael Bucarey

Mr. Sean Cox
Hall Booth Smith, P.C.
191 Peachtree St. N.E.
Suite 2900
Atlanta, GA. 30303-1775

Prepared by:
Attorney for Plaintiff
Carl G. Fulp, III
P.O. Box 3123
Valdosta, GA 31604-3123
(229) 242-1434

120802

LOWNDES COUNTY, GEORGIA
Lowndes County Superior Court
2022CV0149
2/16/2022 1:44 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Laura Gallegos

Exhibit 3

**SHERIFF'S ENTRY OF SERVICE**

Marietta, Georgia        COBB COUNTY

Superior Court ☐        State Court ☐

*Lowndes County*

KEEP

**Attorney's Address**

2935 N. Ashley St.
Ste 107
P.O. Box 3123
Valdosta, GA 31004

Civil Action No. 2022CV0149 ~~121-P1-019~~

Date Filed _____

**Name and Address of Party to be Served**

Werner Enterprises, INC
2985 Gordy Pkwy 1st Floor
Marietta, GA 300

Shantelle Reams

_____  **Plaintiff**

VS.

Werner Enterprises Inc

_____  **Garnishee**

_____  **Defendant**

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☒ Served the defendant *Werner Enterprises Inc* a corporation by leaving a copy of the within action and summons with *Anna Moore Corporate* in charge of the office and place of doing business of said Corporation in this County. *Creations Network*

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This ____10____ day of ____FEB____, 20__22__

341/02022

DEPUTY

SHERIFF DOCKET _____  PAGE _____

COBB COUNTY, GEORGIA

WHITE: Clerk        CANARY: Plaintiff Attorney        PINK: Defendant

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/17/2022 2:00 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed By: Michael Hebert

SHERIFF'S ENTRY OF SERVICE

RECORD ID:
22003843

Civil Action No. _____

Date Filed _____

Attorney's Address

Carl G. Fulp, III

P.O. Box 3123

Valdosta, GA. 31604-3123

Name and Address of Party to Served

Ace American Insurance Company

C T Corporation System, 289 S. Culver St.

Lawrenceville, GA. 30046-4805

Superior Court ☑
State Court ☐
Juvenile Court ☐

Probate Court ☐

Georgia, Lowndes _____ COUNTY

SHANTELLE REAMS

_____
Plaintiff

VS.

RAFAEL BUCAREY, WERNER ENTERPR-

ISES, INC. & ACE AMERICAN INS. CO.
Defendant

_____

_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant Ace American Insurance Company _____ a corporation
☐ by leaving a copy of the within action and summons with ~~John J Lupica~~ Jane Richardson, Registered Agent, C T Corporation System
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This 9 day of Feb , 2022 .

W. Coberly  S01332

DEPUTY

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/9/2022 5:15 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Laura Gallegos

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **SHANTELLE REAMS,** | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.:** |
| **v.** | * | _____ |
| **RAFAEL BUCAREY,** | * | |
| **WERNER ENTERPRISES, INC.  &** | | |
| **ACE AMERICAN** | | |
| **INSURANCE COMPANY** | * | |
| **Defendants.** | * | |

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the foregoing

**Plaintiff's First Interrogatories and Request for Production of Documents to Ace American**

**Insurance Company** upon all parties by electronic mail and Odyssey e-filing system which will

send notification of such filing to the following:

Ace American Insurance Company may be served through its register agent, C. T. Corporation
System, 289 S. Culver St., Lawrenceville, GA 30046-4805.

This 9th day of February, 2022.

BY: _____

Address of Counsel:
P.O. Box 3123                                         Carl G. Fulp, III
Valdosta, GA 31604-3123                              State Bar No.: 280569
(229) 242-1434

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/9/2022 5:15 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Laura Gallegos

# IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **SHANTELLE REAMS,** | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.:** |
| **v.** | * | _____ |
| **RAFAEL BUCAREY,** | * | |
| **WERNER ENTERPRISES, INC.  &** | | |
| **ACE AMERICAN** | | |
| **INSURANCE COMPANY** | * | |
| **Defendants.** | * | |
| _____ | * | |

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the foregoing

**Plaintiff's First Interrogatories and Request for Production of Documents to Rafael**

**Bucarey** upon all parties by electronic mail and Odyssey e-filing system which will send

notification of such filing to the following:

Rafael Bucarey
14507 Frontier Rd.
Omaha, NE 68138

This 9th day of February, 2022.

BY: _____
Carl G. Fulp, III
State Bar No.: 280569

Address of Counsel:
P.O. Box 3123
Valdosta, GA 31604-3123
(229) 242-1434

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/9/2022 5:15 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Laura Gallegos

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| SHANTELLE REAMS, | * | |
| Plaintiff, | * | CIVIL ACTION NO.: |
| v. | * | _____ |
| RAFAEL BUCAREY, | * | |
| WERNER ENTERPRISES, INC. & | | |
| ACE AMERICAN | | |
| INSURANCE COMPANY | * | |
| Defendants. | * | |
| _____ | * | |

## CERTIFICATE OF SERVICE

    I do hereby certify that I have this day served a true and correct copy of the foregoing

**Plaintiff's First Interrogatories and Request for Production of Documents to Werner**

**Enterprises, Inc.** upon all parties by electronic mail and Odyssey e-filing system which will

send notification of such filing to the following:

Werner Enterprises, Inc.
14507 Frontier Rd.
Omaha, NE 68138

    This 9th day of February, 2022.

Address of Counsel:          BY:_____
P.O. Box 3123                     Carl G. Fulp, III
Valdosta, GA 31604-3123        State Bar No.: 280569
(229) 242-1434

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/23/2022 10:52 AM
Beth C Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

Control Number : SOP-22010077

# STATE OF GEORGIA

## Secretary of State

**Corporations Division**
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

### CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Rafael Bucarey**

have been filed with the Secretary of State on 02/16/2022 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Shantelle Reams v. Rafael Bucarey
Court: Lowndes County Superior Court
Civil Action No.: 2022CV0149

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 02/23/2022.



Brad Raffensperger
Secretary of State

**OFFICE OF**
# CARL G. FULP, III, P.C.
*TRIAL LAWYER*

2935 N. Ashley Street, Suite 107
P.O. Box 3123
Valdosta, Georgia 31604-3123

RECEIVED
SECRETARY OF STATE
INTAKE DIVISION

2022 FEB 16   AM 10: 40

CARL G. FULP, III
CARLEY L. FULP

carl@fulplaw.com
carley@fulplaw.com
Telephone: (229) 242-1434
Facsimile: (229) 242-1435

February 9, 2022

VIA CERTIFIED MAIL: 70203160000047848844

Office of Secretary of State
Corporation Division
2 Martin Luther King, Jr., Drive. S.E.
Suite 313 West Tower
Atlanta, GA. 30334

> RE:   My Client:  Shantelle Reams
> Defendants: Rafael Bucarey, Werner Enterprises,
> Inc. & Ace American
> Insurance Company
> Date of Accident: 3/16/2021
> Our File No.:   121-PI-019

Dear Sir or Madam:

**ENCLOSURES:**
1. Second original and one copy of Summons for three Defendants;
2. Three copies of Complaint;
3. Plaintiff's Affidavit of Compliance for Service of Process Upon Non-Resident Motorist, Rafael Bucarey; and
4. Firm check in the amount of $10.00.

Please find the enclosed documents filed with the Lowndes County Superior Court. Should you have any questions, please feel free to contact our office.  With kind regards, I am,

Very truly yours,

Carl G. Fulp, III

CGF/rgc



RECEIVED
SECRETARY OF STATE
INTAKE DIVISION

2022 FEB 16  AM 10: 40

# IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

SHANTELLE REAMS,                          *

    Plaintiff,                           *        **CIVIL ACTION NO.:**

v.                                        *        2022CV0149

RAFAEL BUCAREY,                           *
WERNER ENTERPRISES, INC.  &
ACE AMERICAN
INSURANCE COMPANY                         *

    Defendants.

                                     *

## PLAINTIFF'S AFFIDAVIT OF COMPLIANCE FOR SERVICE OF

### PROCESS UPON NON-RESIDENT MOTORIST

Personally, appeared before the undersigned officer, duly authorized to administer oaths, Carl G. Fulp, III, who, after oath was administered, deposed and said the following upon his own personal knowledge:

1.

I, Carl G. Fulp, III, the undersigned, am the attorney who represents the Plaintiff in the above styled civil action.

2.

I do hereby certify that, in accordance with O.C.G.A. §40-12-2, I have forwarded by registered or certified mail or statutory overnight delivery notice of service of the above-referenced case along with a copy of the complaint and process to Rafael Bucarey, at the following addresses:

    Rafael Bucarey
    14507 Frontier Road
    Omaha, NE 68138

3.

I further certify that **I SHALL FILE WITH THE APPROPRIATE COURT** appended to the document, regarding this case: (1) any return receipt received as evidence of service upon the Defendant Rafael Bucarey.

This 9 day of Feb. 2022.

_____
Carl C. Eldp, III
State Bar No. 280569

Address of Counsel:
P.O. Box 3123
Valdosta, GA 31604-3123
(229) 242-1434

Sworn and subscribed before me
This 9 day of Feb 2022

_____
NOTARY PUBLIC

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/2/2022 2:05 PM
Beth C. Greene
Clerk of Superior State Juvenile Court
Reviewed by: Stacy Barrett

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| SHANTELLE REAMS, | * | |
| Plaintiff, | * | CIVIL ACTION NO.: |
| v. | * | 2022CV0149 |
| RAFAEL BUCAREY, | * | |
| WERNER ENTERPRISES, INC. & | | |
| ACE AMERICAN | | |
| INSURANCE COMPANY | * | |
| Defendants. | * | |
| | * | |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT: ACE AMERICAN INSURANCE CO.

You are hereby summoned and required to file with the Clerk of said Court and serve upon Carl G. Fulp, III, Plaintiff's attorney, whose address is P.O. Box 3123, Valdosta, Ga. 31604-3123, appropriate defensive pleadings to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Dated this __2nd__ day of __February__ 2022.

/s/ Stacy Barrett
DEPUTY/CLERK OF COURT

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/2/2022 2:05 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| SHANTELLE REAMS, | * | |
| Plaintiff, | * | **CIVIL ACTION NO.:** |
| v. | * | 2022CV0149 |
| | * | |
| RAFAEL BUCAREY, | * | |
| WERNER ENTERPRISES, INC. & | | |
| ACE AMERICAN | | |
| INSURANCE COMPANY | * | |
| Defendants. | | |
| | * | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:  ACE AMERICAN INSURANCE CO.

You are hereby summoned and required to file with the Clerk of said Court and serve upon Carl G. Fulp, III, Plaintiff's attorney, whose address is P.O. Box 3123, Valdosta, Ga. 31604-3123, appropriate defensive pleadings to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Dated this 2nd day of February 2022.

/s/ Stacy Barrett
DEPUTY/CLERK OF COURT

IN THE SUPERIOR COURT OF LOWNDES COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| SHANTELLE REAMS, | * | |
| Plaintiff, | * | CIVIL ACTION NO.: |
| v. | * | _____ |
| RAFAEL BUCAREY, WERNER ENTERPRISES, INC. & ACE AMERICAN INSURANCE COMPANY | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT

Plaintiff, named above, for complaint against the above named Defendants, alleges and states as follows:

### JURISDICTION AND PARTIES

1.

Plaintiff is a resident of Lowndes County and the State of Georgia.

2.

Defendant Rafael Bucarey is a resident of the State of Nebraska and may be served with process at 14507 Frontier Road, Omaha, NE. 68138.

3.

Defendant Rafael Bucarey may be served pursuant to the provisions of the Georgia Nonresident Motorist Act found at O.C.G.A. §40-12-1 et. Seq.

4.

Defendant Werner Enterprises, Inc. is a corporation organized under the laws and jurisdiction of the State of Nebraska with a principal place of business located at 14507 Frontier Road, Omaha, NE. 68138 and is authorized to do business in the State of Georgia.

5.

Defendant Werner Enterprises, Inc. may be served through its registered agent Corporate Creations Network, Inc.

6.

Defendant Ace American Insurance Company is an insurance company organized under the laws and jurisdiction of the State of Pennsylvania and is authorized to do business in the State of Georgia.

7.

Defendant Ace American Insurance Company's principle office is located in Philadelphia, Pennsylvania.

8.

Defendant Ace American Insurance Company may be served through its register agent, C. T. Corporation System, 289 S. Culver St., Lawrenceville, GA 30046-4805.

9.

Venue and jurisdiction are proper with this Court.

## FACTUAL BACKGROUND

10.

On March 16, 2021, the Plaintiff was at a complete stop at a red light on Perimeter Road, in Valdosta, Lowndes County Georgia.

11.

Defendant Rafael Bucarey was the driver of a semi-truck owned by Defendant Werner Enterprises, Inc. The Defendant was at the red light in front of the Plaintiff when all of a sudden, he began to back up the semi-truck. The Defendant backed into the front of Plaintiff's vehicle.

12.

The semi-truck driven by Defendant Bucarey was being operated by him in the capacity as an employee, servant, or agent of Defendant Werner Enterprises, Inc.

13.

Plaintiff has suffered personal injury arising out of the incident which occurred on March 16, 2021.

## COUNT ONE

### GENERAL NEGLIGENCE

14.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-13 of this Complaint as if fully set forth herein.

15.

Defendant Bucarey owed a duty of care to the Plaintiff in the operation of the semi-truck owned by Werner Enterprises, Inc.

16.

Defendant Bucarey failed to use ordinary care by negligently operating the semi-truck and disregarding safety to himself and other drivers.

17.

Defendant Bucarey's negligence is the proximate and legal cause of the injuries sustained by the Plaintiff.

18.

As a result of the negligence of Defendant Rafael Bucarey, the Plaintiff suffered injuries to her person and incurred pain, suffering, and emotional distress.

19.

Plaintiff has suffered special damages as outline below:

## MEDICAL EXPENSES:

| | |
|---|---|
| South Georgia Medical Center | $ 5,381.00 |
| South Georgia Emergency Medicine Associates, P.C. | $ 1,697.00 |
| Radiology Associates of Valdosta, LLC. | $ 392.00 |
| Care Medical Center | $11,645.00 |
| Open MRI of Tifton, LLC | $ 2,598.00 |
| Walgreens Pharmacy | $ 89.44 |
| **Total** | **$21,802.44** |

## COUNT TWO

### NEGLIGENCE PER SE

20.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-19 of the Complaint as if fully set forth herein.

21.

Defendant Bucarey was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. by backing the semi-truck into the Plaintiff's vehicle while stopped at a red light in violation of Georgia statute.

22.

Defendant Bucarey was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. by backing the semi-truck up until he hit the Plaintiff's vehicle in violation of Georgia statute. Said violation constitutes as negligence *per se.*

23.

The above-named statute created a duty on Defendant Bucarey in which Plaintiff was a member of the class sought to be protected.

24.

As a proximate legal result of the negligence of Defendant Bucarey in violation of Georgia statute, the Plaintiff suffered injury, and suffered significant medical bills, pain, suffering, and emotional distress.

## **COUNT THREE**

### RESPONDENT SUPERIOR

25.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-24 of this Complaint as if fully set forth herein.

26.

At all times pertinent hereto, Defendant Bucarey was an employee, servant, and agent of Defendant Werner Enterprises, Inc.

27.

On March 16, 2021, Defendant Bucarey was acting within the course and scope of his employment of Defendant Werner Enterprises, Inc. when he was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. which led to the Plaintiff's injuries.

28.

Defendant Werner Enterprises, Inc. is thus liable to the Plaintiff for the damages and suffering caused by its employee's negligence or gross negligence.

## **COUNT FOUR**

### NEGLIGENT HIRING AND RETENTION

29.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-28 of this Complaint as fully set forth herein.

30.

Defendant Werner Enterprises, Inc. failed to maintain adequate policies and procedures for their employees.

31.

Appropriate investigation into the background and capabilities of Defendant Bucarey would have revealed that he should not be retained as an employee of Defendant Werner Enterprises, Inc.

32.

Defendant Werner Enterprises, Inc. was negligent in the hiring and retention of
Defendant Bucarey as its employee.

33.

The Plaintiff is entitled to recover from Defendant Werner Enterprises, Inc. for its
negligent hiring and retention of Defendant Bucarey.

## COUNT FIVE

### DIRECT ACTION

34.

Plaintiff re-alleges and incorporates herein by reference each and every allegation
contained in paragraphs 1-33 of this Complaint as if fully set forth herein.

35.

Defendant Ace American Insurance Company is the liability insurance carrier for
Defendant Werner Enterprises, Inc.

36.

Defendant Ace American Insurance Company issued a comprehensive liability policy to
Defendant Werner Enterprises, Inc. which provides insurance coverages for negligence acts of
Defendant Werner Enterprises, Inc. and its employees, servants, and agents.

37.

The insurance policy issued by Defendant Ace American Insurance Company has been filed and approved by the Georgia Public Service Commission in compliance with O.C.G.A. §40-1-112.

38.

The insurance policy issued by Defendant Ace American Insurance Company is for the benefit of those who have a cause of action for damages for negligence of the motor carrier, Defendant Werner Enterprises, Inc.

39.

The insurance policy issued by Defendant Ace American Insurance Company is for the benefit of the Plaintiff in this action against Defendants.

40.

Defendant Ace American Insurance Company has failed and refused to settle or otherwise resolve the claims of the Plaintiff against the Defendant.

41.

The Plaintiff is entitled to recover against Defendant Ace American Insurance Company for all of her claims herein.

## **COUNT SIX**

PUNITIVE DAMAGES

42.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs1-41 of this Complaint as if fully set forth herein.

43.

The wrongful acts of Defendants show willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care which raises the presumption of conscious indifference to consequences and the right of others.

44.

Punitive damages should be imposed upon Defendants to keep such wrongful conduct from being repeated.

45.

The Plaintiff is entitled to recover punitive damages from the Defendants for their wrongful conduct.

WHEREFORE PLAINTIFFS PRAY FOR THE FOLLOWING RELIEF:

(a)     That process issue according to law;

(b)     That judgment be issued against the Defendants;

(c)     That Plaintiff be awarded Special Damages in an amount of at least $21,802.44;

(d)     That the Plaintiff have a trial by a jury;

(e)     That the Plaintiff be awarded general damages at an amount to be determined at trial;

(f)     That the Plaintiff be awarded punitive damages in an amount to be determined at trial;

(g)     That the Plaintiff be awarded attorneys fees and costs for the necessity of having to

        file a lawsuit; and

(h)     Any other relief the Court deems just and proper.


        This 2nd day of January, 2022.
                            February

Address of Counsel:                          BY: _____
P.O. Box 3123                                     Carl G. Fulp, III
Valdosta, GA 31604-3123                           State Bar No.: 280569
(229) 242-14341

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/2/2022 2:05 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **SHANTELLE REAMS,** | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.:** |
| v. | * | 2022CV0149 |
| | * | |
| **RAFAEL BUCAREY,** | * | |
| **WERNER ENTERPRISES, INC. &** | | |
| **ACE AMERICAN** | | |
| **INSURANCE COMPANY** | * | |
| | | |
| **Defendants.** | * | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: RAFAEL BUCAREY

You are hereby summoned and required to file with the Clerk of said Court and serve upon Carl G. Fulp, III, Plaintiff's attorney, whose address is P.O. Box 3123, Valdosta, Ga. 31604-3123, appropriate defensive pleadings to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Dated this 2nd day of January 2022.

/s/ Stacy Barrett
_____
DEPUTY/CLERK OF COURT

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV014
2/2/2022 2:05 PM
Beth C. Green
Clerk of Superior State Juvenile Court
Reviewed by: Stacy Barrett

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

### STATE OF GEORGIA

| | | |
|---|---|---|
| **SHANTELLE REAMS,** | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.:** |
| v. | * | 2022CV0149 |
| **RAFAEL BUCAREY,** | * | |
| **WERNER ENTERPRISES, INC.  &** | | |
| **ACE AMERICAN** | | |
| **INSURANCE COMPANY** | * | |
| **Defendants.** | | |
| | * | |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:  RAFAEL BUCAREY

You are hereby summoned and required to file with the Clerk of said Court and serve upon Carl G. Fulp, III, Plaintiff's attorney, whose address is P.O. Box 3123, Valdosta, Ga. 31604-3123, appropriate defensive pleadings to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Dated this 2nd day of January 2022.

/s/ Stacy Barrett

DEPUTY/CLERK OF COURT

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **SHANTELLE REAMS,** | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.:** |
| v. | * | _____ |
| **RAFAEL BUCAREY,** | * | |
| **WERNER ENTERPRISES, INC.  &** | | |
| **ACE AMERICAN** | | |
| **INSURANCE COMPANY** | * | |
| **Defendants.** | * | |

## COMPLAINT

Plaintiff, named above, for complaint against the above named Defendants, alleges and states as follows:

### JURISDICTION AND PARTIES

1.

Plaintiff is a resident of Lowndes County and the State of Georgia.

2.

Defendant Rafael Bucarey is a resident of the State of Nebraska and may be served with process at 14507 Frontier Road, Omaha, NE. 68138.

3.

Defendant Rafael Bucarey may be served pursuant to the provisions of the Georgia Nonresident Motorist Act found at O.C.G.A. §40-12-1 et. Seq.

4.

Defendant Werner Enterprises, Inc. is a corporation organized under the laws and jurisdiction of the State of Nebraska with a principal place of business located at 14507 Frontier Road, Omaha, NE. 68138 and is authorized to do business in the State of Georgia.

5.

Defendant Werner Enterprises, Inc. may be served through its registered agent Corporate Creations Network, Inc.

6.

Defendant Ace American Insurance Company is an insurance company organized under the laws and jurisdiction of the State of Pennsylvania and is authorized to do business in the State of Georgia.

7.

Defendant Ace American Insurance Company's principle office is located in Philadelphia, Pennsylvania.

8.

Defendant Ace American Insurance Company may be served through its register agent, C. T. Corporation System, 289 S. Culver St., Lawrenceville, GA 30046-4805.

9.

Venue and jurisdiction are proper with this Court.

## FACTUAL BACKGROUND

10.

On March 16, 2021, the Plaintiff was at a complete stop at a red light on Perimeter Road, in Valdosta, Lowndes County Georgia.

11.

Defendant Rafael Bucarey was the driver of a semi-truck owned by Defendant Werner Enterprises, Inc. The Defendant was at the red light in front of the Plaintiff when all of a sudden, he began to back up the semi-truck. The Defendant backed into the front of Plaintiff's vehicle.

12.

The semi-truck driven by Defendant Bucarey was being operated by him in the capacity as an employee, servant, or agent of Defendant Werner Enterprises, Inc.

13.

Plaintiff has suffered personal injury arising out of the incident which occurred on March 16, 2021.

## COUNT ONE

### GENERAL NEGLIGENCE

14.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-13 of this Complaint as if fully set forth herein.

15.

Defendant Bucarey owed a duty of care to the Plaintiff in the operation of the semi-truck owned by Werner Enterprises, Inc.

16.

Defendant Bucarey failed to use ordinary care by negligently operating the semi-truck and disregarding safety to himself and other drivers.

17.

Defendant Bucarey's negligence is the proximate and legal cause of the injuries sustained by the Plaintiff.

18.

As a result of the negligence of Defendant Rafael Bucarey, the Plaintiff suffered injuries to her person and incurred pain, suffering, and emotional distress.

19.

Plaintiff has suffered special damages as outline below:

**MEDICAL EXPENSES:**

| | |
|---|---|
| South Georgia Medical Center | $ 5,381.00 |
| South Georgia Emergency Medicine Associates, P.C. | $ 1,697.00 |
| Radiology Associates of Valdosta, LLC. | $   392.00 |
| Care Medical Center | $11,645.00 |
| Open MRI of Tifton, LLC | $ 2,598.00 |
| Walgreens Pharmacy | $    89.44 |
| **Total** | **$21,802.44** |

## COUNT TWO

NEGLIGENCE PER SE

20.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-19 of the Complaint as if fully set forth herein.

21.

Defendant Bucarey was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. by backing the semi-truck into the Plaintiff's vehicle while stopped at a red light in violation of Georgia statute.

22.

Defendant Bucarey was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. by backing the semi-truck up until he hit the Plaintiff's vehicle in violation of Georgia statute. Said violation constitutes as negligence *per se.*

23.

The above-named statute created a duty on Defendant Bucarey in which Plaintiff was a member of the class sought to be protected.

24.

As a proximate legal result of the negligence of Defendant Bucarey in violation of Georgia statute, the Plaintiff suffered injury, and suffered significant medical bills, pain, suffering, and emotional distress.

## **COUNT THREE**

RESPONDENT SUPERIOR

25.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-24 of this Complaint as if fully set forth herein.

26.

At all times pertinent hereto, Defendant Bucarey was an employee, servant, and agent of Defendant Werner Enterprises, Inc.

27.

On March 16, 2021, Defendant Bucarey was acting within the course and scope of his employment of Defendant Werner Enterprises, Inc. when he was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. which led to the Plaintiff's injuries.

28.

Defendant Werner Enterprises, Inc. is thus liable to the Plaintiff for the damages and suffering caused by its employee's negligence or gross negligence.

## **COUNT FOUR**

NEGLIGENT HIRING AND RETENTION

29.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-28 of this Complaint as fully set forth herein.

30.

Defendant Werner Enterprises, Inc. failed to maintain adequate policies and procedures for their employees.

31.

Appropriate investigation into the background and capabilities of Defendant Bucarey would have revealed that he should not be retained as an employee of Defendant Werner Enterprises, Inc.

32.

Defendant Werner Enterprises, Inc. was negligent in the hiring and retention of Defendant Bucarey as its employee.

33.

The Plaintiff is entitled to recover from Defendant Werner Enterprises, Inc. for its negligent hiring and retention of Defendant Bucarey.

## COUNT FIVE

### DIRECT ACTION

34.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-33 of this Complaint as if fully set forth herein.

35.

Defendant Ace American Insurance Company is the liability insurance carrier for Defendant Werner Enterprises, Inc.

36.

Defendant Ace American Insurance Company issued a comprehensive liability policy to Defendant Werner Enterprises, Inc. which provides insurance coverages for negligence acts of Defendant Werner Enterprises, Inc. and its employees, servants, and agents.

37.

The insurance policy issued by Defendant Ace American Insurance Company has been filed and approved by the Georgia Public Service Commission in compliance with O.C.G.A. §40-1-112.

38.

The insurance policy issued by Defendant Ace American Insurance Company is for the benefit of those who have a cause of action for damages for negligence of the motor carrier, Defendant Werner Enterprises, Inc.

39.

The insurance policy issued by Defendant Ace American Insurance Company is for the benefit of the Plaintiff in this action against Defendants.

40.

Defendant Ace American Insurance Company has failed and refused to settle or otherwise resolve the claims of the Plaintiff against the Defendant.

41.

The Plaintiff is entitled to recover against Defendant Ace American Insurance Company for all of her claims herein.

## **COUNT SIX**

PUNITIVE DAMAGES

42.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs1-41 of this Complaint as if fully set forth herein.

43.

The wrongful acts of Defendants show willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care which raises the presumption of conscious indifference to consequences and the right of others.

44.

Punitive damages should be imposed upon Defendants to keep such wrongful conduct from being repeated.

45.

The Plaintiff is entitled to recover punitive damages from the Defendants for their wrongful conduct.

WHEREFORE PLAINTIFFS PRAY FOR THE FOLLOWING RELIEF:

(a)     That process issue according to law;

(b)     That judgment be issued against the Defendants;

(c)     That Plaintiff be awarded Special Damages in an amount of at least $21,802.44;

(d)     That the Plaintiff have a trial by a jury;

(e)     That the Plaintiff be awarded general damages at an amount to be determined at trial;

(f)     That the Plaintiff be awarded punitive damages in an amount to be determined at trial;

(g)     That the Plaintiff be awarded attorneys fees and costs for the necessity of having to

        file a lawsuit; and

(h)     Any other relief the Court deems just and proper.


        This 2nd   day of ~~January~~, 2022.
                       February

Address of Counsel:                          BY: _____
P.O. Box 3123                                     Carl G. Fulp, III
Valdosta, GA 31604-3123                           State Bar No.: 280569
(229) 242-14341

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/3/2022 8:35 AM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

SHANTELLE REAMS,                              *

    Plaintiff,                              *          **CIVIL ACTION NO.:**
                                           2022CV0149
v.                                           *
                                               _____

RAFAEL BUCAREY,                              *
WERNER ENTERPRISES, INC.  &
ACE AMERICAN
INSURANCE COMPANY                            *

    Defendants.                             *

_____          *

## <u>SUMMONS</u>

TO THE ABOVE NAMED DEFENDANT: WERNER ENTERPRISES, INC.

    You are hereby summoned and required to file with the Clerk of said Court and serve

upon Carl G. Fulp, III, Plaintiff's attorney, whose address is P.O. Box 3123, Valdosta, Ga.

31604-3123, appropriate defensive pleadings to the complaint which is herewith served upon

you within thirty (30) days after service of this summons upon you, exclusive of the day of

service.  If you fail to do so, judgment by default will be taken against you for the relief

demanded in the complaint.

    Dated this ___3rd___ day of ___February___ 2022.

                               /s/ Stacy Barrett
                               _____
                               DEPUTY/CLERK OF COURT

ES COUNTY, GEORGIA
Lowndes County - Superior Cour
2022CV014!
2/3/2022 8:35 AN
Beth C. Green
Clerk of Superior State Juvenile Court:
Reviewed by: Stacy Barre!

# IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| SHANTELLE REAMS, | * | |
| Plaintiff, | * | **CIVIL ACTION NO.:** |
| | | 2022CV0149 |
| v. | * | |
| RAFAEL BUCAREY, | * | |
| WERNER ENTERPRISES, INC. & | | |
| ACE AMERICAN | | |
| INSURANCE COMPANY | * | |
| Defendants. | | |
| | * | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: WERNER ENTERPRISES, INC.

You are hereby summoned and required to file with the Clerk of said Court and serve upon Carl G. Fulp, III, Plaintiff's attorney, whose address is P.O. Box 3123, Valdosta, Ga. 31604-3123, appropriate defensive pleadings to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Dated this 3rd day of February 2022.

/s/ Stacy Barrett

DEPUTY/CLERK OF COURT

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/23/2022 9:14 AM
Control Number : SOP-22CH0977 Beth C Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Victor Aviles

# STATE OF GEORGIA

## Secretary of State

**Corporations Division**
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Rafael Bucarey**

have been filed with the Secretary of State on 02/16/2022 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Shantelle Reams v. Rafael Bucarey
Court: Lowndes County Superior Court
Civil Action No.: 2022CV0149

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 02/23/2022.



Brad Raffensperger
Secretary of State

**OFFICE OF**
# CARL G. FULP, III, P.C.
*TRIAL LAWYER*

2935 N. Ashley Street, Suite 107
P.O. Box 3123
Valdosta, Georgia 31604-3123

RECEIVED
SECRETARY OF STATE
INTAKE DIVISION

2022 FEB 16  AM 10: 40

CARL G. FULP, III
CARLEY L. FULP

carl@fulplaw.com
carley@fulplaw.com
Telephone: (229) 242-1434
Facsimile:  (229) 242-1435

February 9, 2022

VIA CERTIFIED MAIL: 70203160000047848844

Office of Secretary of State
Corporation Division
2 Martin Luther King, Jr., Drive. S.E.
Suite 313 West Tower
Atlanta, GA. 30334

> RE:   My Client:  Shantelle Reams
> Defendants: Rafael Bucarey, Werner Enterprises,
> Inc. & Ace American
> Insurance Company
> Date of Accident: 3/16/2021
> Our File No.:  121-PI-019

Dear Sir or Madam:

**ENCLOSURES:**
1. Second original and one copy of Summons for three Defendants;
2. Three copies of Complaint;
3. Plaintiff's Affidavit of Compliance for Service of Process Upon Non-Resident Motorist, Rafael Bucarey; and
4. Firm check in the amount of $10.00.

   Please find the enclosed documents filed with the Lowndes County Superior Court. Should you have any questions, please feel free to contact our office.  With kind regards, I am,

Very truly yours,

Carl G. Fulp, III

CGF/rgc



RECEIVED
SECRETARY OF STATE
INTAKE DIVISION

2022 FEB 16  AM 10: 40

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

### STATE OF GEORGIA

**SHANTELLE REAMS,**               *

    **Plaintiff,**               *     **CIVIL ACTION NO.:**

**v.**               *     2022CV0149

**RAFAEL BUCAREY,**               *
**WERNER ENTERPRISES, INC.  &**
**ACE AMERICAN**
**INSURANCE COMPANY**               *

    **Defendants.**               *

_____     *

## PLAINTIFF'S AFFIDAVIT OF COMPLIANCE FOR SERVICE OF

### PROCESS UPON NON-RESIDENT MOTORIST

Personally, appeared before the undersigned officer, duly authorized to administer oaths, Carl G. Fulp, III, who, after oath was administered, deposed and said the following upon his own personal knowledge:

1.

I, Carl G. Fulp, III, the undersigned, am the attorney who represents the Plaintiff in the above styled civil action.

2.

I do hereby certify that, in accordance with O.C.G.A. §40-12-2, I have forwarded by registered or certified mail or statutory overnight delivery notice of service of the above-referenced case along with a copy of the complaint and process to Rafael Bucarey, at the following addresses:

    Rafael Bucarey
    14507 Frontier Road
    Omaha, NE 68138

3.

I further certify that **I SHALL FILE WITH THE APPROPRIATE COURT** appended to the document, regarding this case: (1) any return receipt received as evidence of service upon the Defendant Rafael Bucarey.

This 9 day of Feb. 2022.

_____
Carl C. Kelp, III
State Bar No. 280569

Address of Counsel:
P.O. Box 3123
Valdosta, GA 31604-3123
(229) 242-1434

Sworn and subscribed before me
This 9 day of Feb 2022

_____
NOTARY PUBLIC

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/2/2022 2:05 PM
Beth C. Greene
Clerk of Superior State Juvenile Court
Reviewed by: Stacy Barrett

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| SHANTELLE REAMS, | * | |
| Plaintiff, | * | **CIVIL ACTION NO.:** |
| v. | * | 2022CV0149 |
| RAFAEL BUCAREY, | * | |
| WERNER ENTERPRISES, INC. & | | |
| ACE AMERICAN | | |
| INSURANCE COMPANY | * | |
| Defendants. | * | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: ACE AMERICAN INSURANCE CO.

You are hereby summoned and required to file with the Clerk of said Court and serve upon Carl G. Fulp, III, Plaintiff's attorney, whose address is P.O. Box 3123, Valdosta, Ga. 31604-3123, appropriate defensive pleadings to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Dated this 2nd day of February 2022.

/s/ Stacy Barrett

DEPUTY/CLERK OF COURT

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/2/2022 2:05 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| SHANTELLE REAMS, | * | |
| Plaintiff, | * | **CIVIL ACTION NO.:** |
| v. | * | 2022CV0149 |
| RAFAEL BUCAREY, | * | |
| WERNER ENTERPRISES, INC. & | | |
| ACE AMERICAN | | |
| INSURANCE COMPANY | * | |
| Defendants. | * | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:  ACE AMERICAN INSURANCE CO.

You are hereby summoned and required to file with the Clerk of said Court and serve upon Carl G. Fulp, III, Plaintiff's attorney, whose address is P.O. Box 3123, Valdosta, Ga. 31604-3123, appropriate defensive pleadings to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Dated this 2nd day of February 2022.

/s/ Stacy Barrett

DEPUTY/CLERK OF COURT

IN THE SUPERIOR COURT OF LOWNDES COUNTY

STATE OF GEORGIA

SHANTELLE REAMS,                              *

      Plaintiff,                                *          CIVIL ACTION NO.:

v.                                           *

                                   _____

RAFAEL BUCAREY,                               *
WERNER ENTERPRISES, INC.  &
ACE AMERICAN
INSURANCE COMPANY                            *

      Defendants.                               *
_____ *

## COMPLAINT

    Plaintiff, named above, for complaint against the above named Defendants, alleges and

states as follows:

### JURISDICTION AND PARTIES

1.

    Plaintiff is a resident of Lowndes County and the State of Georgia.

2.

    Defendant Rafael Bucarey is a resident of the State of Nebraska and may be served with

process at 14507 Frontier Road, Omaha, NE. 68138.

3.

    Defendant Rafael Bucarey may be served pursuant to the provisions of the Georgia

Nonresident Motorist Act found at O.C.G.A. §40-12-1 et. Seq.

4.

Defendant Werner Enterprises, Inc. is a corporation organized under the laws and jurisdiction of the State of Nebraska with a principal place of business located at 14507 Frontier Road, Omaha, NE. 68138 and is authorized to do business in the State of Georgia.

5.

Defendant Werner Enterprises, Inc. may be served through its registered agent Corporate Creations Network, Inc.

6.

Defendant Ace American Insurance Company is an insurance company organized under the laws and jurisdiction of the State of Pennsylvania and is authorized to do business in the State of Georgia.

7.

Defendant Ace American Insurance Company's principle office is located in Philadelphia, Pennsylvania.

8.

Defendant Ace American Insurance Company may be served through its register agent, C. T. Corporation System, 289 S. Culver St., Lawrenceville, GA 30046-4805.

9.

Venue and jurisdiction are proper with this Court.

## FACTUAL BACKGROUND

10.

On March 16, 2021, the Plaintiff was at a complete stop at a red light on Perimeter Road, in Valdosta, Lowndes County Georgia.

11.

Defendant Rafael Bucarey was the driver of a semi-truck owned by Defendant Werner Enterprises, Inc. The Defendant was at the red light in front of the Plaintiff when all of a sudden, he began to back up the semi-truck. The Defendant backed into the front of Plaintiff's vehicle.

12.

The semi-truck driven by Defendant Bucarey was being operated by him in the capacity as an employee, servant, or agent of Defendant Werner Enterprises, Inc.

13.

Plaintiff has suffered personal injury arising out of the incident which occurred on March 16, 2021.

**COUNT ONE**

GENERAL NEGLIGENCE

14.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-13 of this Complaint as if fully set forth herein.

15.

Defendant Bucarey owed a duty of care to the Plaintiff in the operation of the semi-truck owned by Werner Enterprises, Inc.

16.

Defendant Bucarey failed to use ordinary care by negligently operating the semi-truck and disregarding safety to himself and other drivers.

17.

Defendant Bucarey's negligence is the proximate and legal cause of the injuries sustained by the Plaintiff.

18.

As a result of the negligence of Defendant Rafael Bucarey, the Plaintiff suffered injuries to her person and incurred pain, suffering, and emotional distress.

19.

Plaintiff has suffered special damages as outline below:

## MEDICAL EXPENSES:

| | |
|---|---|
| South Georgia Medical Center | $ 5,381.00 |
| South Georgia Emergency Medicine Associates, P.C. | $ 1,697.00 |
| Radiology Associates of Valdosta, LLC. | $   392.00 |
| Care Medical Center | $11,645.00 |
| Open MRI of Tifton, LLC | $ 2,598.00 |
| Walgreens Pharmacy | $    89.44 |
| **Total** | **$21,802.44** |

## COUNT TWO

### NEGLIGENCE PER SE

20.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-19 of the Complaint as if fully set forth herein.

21.

Defendant Bucarey was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. by backing the semi-truck into the Plaintiff's vehicle while stopped at a red light in violation of Georgia statute.

22.

Defendant Bucarey was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. by backing the semi-truck up until he hit the Plaintiff's vehicle in violation of Georgia statute. Said violation constitutes as negligence *per se*.

23.

The above-named statute created a duty on Defendant Bucarey in which Plaintiff was a member of the class sought to be protected.

24.

As a proximate legal result of the negligence of Defendant Bucarey in violation of Georgia statute, the Plaintiff suffered injury, and suffered significant medical bills, pain, suffering, and emotional distress.

## **COUNT THREE**

### RESPONDENT SUPERIOR

25.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-24 of this Complaint as if fully set forth herein.

26.

At all times pertinent hereto, Defendant Bucarey was an employee, servant, and agent of Defendant Werner Enterprises, Inc.

27.

On March 16, 2021, Defendant Bucarey was acting within the course and scope of his employment of Defendant Werner Enterprises, Inc. when he was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. which led to the Plaintiff's injuries.

28.

Defendant Werner Enterprises, Inc. is thus liable to the Plaintiff for the damages and suffering caused by its employee's negligence or gross negligence.

## **COUNT FOUR**

### NEGLIGENT HIRING AND RETENTION

29.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-28 of this Complaint as fully set forth herein.

30.

Defendant Werner Enterprises, Inc. failed to maintain adequate policies and procedures for their employees.

31.

Appropriate investigation into the background and capabilities of Defendant Bucarey would have revealed that he should not be retained as an employee of Defendant Werner Enterprises, Inc.

32.

Defendant Werner Enterprises, Inc. was negligent in the hiring and retention of Defendant Bucarey as its employee.

33.

The Plaintiff is entitled to recover from Defendant Werner Enterprises, Inc. for its negligent hiring and retention of Defendant Bucarey.

## COUNT FIVE

### DIRECT ACTION

34.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-33 of this Complaint as if fully set forth herein.

35.

Defendant Ace American Insurance Company is the liability insurance carrier for Defendant Werner Enterprises, Inc.

36.

Defendant Ace American Insurance Company issued a comprehensive liability policy to Defendant Werner Enterprises, Inc. which provides insurance coverages for negligence acts of Defendant Werner Enterprises, Inc. and its employees, servants, and agents.

37.

The insurance policy issued by Defendant Ace American Insurance Company has been filed and approved by the Georgia Public Service Commission in compliance with O.C.G.A. §40-1-112.

38.

The insurance policy issued by Defendant Ace American Insurance Company is for the benefit of those who have a cause of action for damages for negligence of the motor carrier, Defendant Werner Enterprises, Inc.

39.

The insurance policy issued by Defendant Ace American Insurance Company is for the benefit of the Plaintiff in this action against Defendants.

40.

Defendant Ace American Insurance Company has failed and refused to settle or otherwise resolve the claims of the Plaintiff against the Defendant.

41.

The Plaintiff is entitled to recover against Defendant Ace American Insurance Company for all of her claims herein.

## **COUNT SIX**

### PUNITIVE DAMAGES

42.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs1-41 of this Complaint as if fully set forth herein.

43.

The wrongful acts of Defendants show willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care which raises the presumption of conscious indifference to consequences and the right of others.

44.

Punitive damages should be imposed upon Defendants to keep such wrongful conduct from being repeated.

45.

The Plaintiff is entitled to recover punitive damages from the Defendants for their wrongful conduct.

WHEREFORE PLAINTIFFS PRAY FOR THE FOLLOWING RELIEF:

(a)     That process issue according to law;

(b)     That judgment be issued against the Defendants;

(c)     That Plaintiff be awarded Special Damages in an amount of at least $21,802.44;

(d)     That the Plaintiff have a trial by a jury;

(e)     That the Plaintiff be awarded general damages at an amount to be determined at trial;

(f)     That the Plaintiff be awarded punitive damages in an amount to be determined at trial;

(g)     That the Plaintiff be awarded attorneys fees and costs for the necessity of having to

file a lawsuit; and

(h)     Any other relief the Court deems just and proper.


This 2nd day of ~~January~~, 2022.
February

Address of Counsel:                          BY: _____
P.O. Box 3123                                        Carl G. Fulp, III
Valdosta, GA 31604-3123                              State Bar No.: 280569
(229) 242-14341

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/2/2022 2:05 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

**SHANTELLE REAMS,**                           *

      **Plaintiff,**                              *     **CIVIL ACTION NO.:**

**v.**                                         *     2022CV0149

**RAFAEL BUCAREY,**                            *
**WERNER ENTERPRISES, INC.  &**
**ACE AMERICAN**
**INSURANCE COMPANY**                          *

      **Defendants.**                             *

---

### SUMMONS

TO THE ABOVE NAMED DEFENDANT: RAFAEL BUCAREY

You are hereby summoned and required to file with the Clerk of said Court and serve upon Carl G. Fulp, III, Plaintiff's attorney, whose address is P.O. Box 3123, Valdosta, Ga. 31604-3123, appropriate defensive pleadings to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Dated this 2nd day of January 2022.

/s/ Stacy Barrett

DEPUTY/CLERK OF COURT

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/2/2022 2:05 PM
Beth C. Greene
Clerk of Superior State Juvenile Court
Reviewed by: Stacy Barrett

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| SHANTELLE REAMS, | * | |
| Plaintiff, | * | **CIVIL ACTION NO.:** |
| v. | * | 2022CV0149 |
| RAFAEL BUCAREY, WERNER ENTERPRISES, INC. & ACE AMERICAN | * | |
| INSURANCE COMPANY | * | |
| Defendants. | * | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:  RAFAEL BUCAREY

You are hereby summoned and required to file with the Clerk of said Court and serve upon Carl G. Fulp, III, Plaintiff's attorney, whose address is P.O. Box 3123, Valdosta, Ga. 31604-3123, appropriate defensive pleadings to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Dated this 2nd day of January 2022.

/s/ Stacy Barrett

DEPUTY/CLERK OF COURT

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| SHANTELLE REAMS, | * | |
| Plaintiff, | * | **CIVIL ACTION NO.:** |
| v. | * | _____ |
| RAFAEL BUCAREY,<br>WERNER ENTERPRISES, INC.  &<br>ACE AMERICAN | * | |
| INSURANCE COMPANY | * | |
| Defendants. | * | |

## COMPLAINT

Plaintiff, named above, for complaint against the above named Defendants, alleges and states as follows:

### JURISDICTION AND PARTIES

1.

Plaintiff is a resident of Lowndes County and the State of Georgia.

2.

Defendant Rafael Bucarey is a resident of the State of Nebraska and may be served with process at 14507 Frontier Road, Omaha, NE. 68138.

3.

Defendant Rafael Bucarey may be served pursuant to the provisions of the Georgia Nonresident Motorist Act found at O.C.G.A. §40-12-1 et. Seq.

4.

Defendant Werner Enterprises, Inc. is a corporation organized under the laws and jurisdiction of the State of Nebraska with a principal place of business located at 14507 Frontier Road, Omaha, NE. 68138 and is authorized to do business in the State of Georgia.

5.

Defendant Werner Enterprises, Inc. may be served through its registered agent Corporate Creations Network, Inc.

6.

Defendant Ace American Insurance Company is an insurance company organized under the laws and jurisdiction of the State of Pennsylvania and is authorized to do business in the State of Georgia.

7.

Defendant Ace American Insurance Company's principle office is located in Philadelphia, Pennsylvania.

8.

Defendant Ace American Insurance Company may be served through its register agent, C. T. Corporation System, 289 S. Culver St., Lawrenceville, GA 30046-4805.

9.

Venue and jurisdiction are proper with this Court.

FACTUAL BACKGROUND

10.

On March 16, 2021, the Plaintiff was at a complete stop at a red light on Perimeter Road, in Valdosta, Lowndes County Georgia.

11.

Defendant Rafael Bucarey was the driver of a semi-truck owned by Defendant Werner Enterprises, Inc. The Defendant was at the red light in front of the Plaintiff when all of a sudden, he began to back up the semi-truck. The Defendant backed into the front of Plaintiff's vehicle.

12.

The semi-truck driven by Defendant Bucarey was being operated by him in the capacity as an employee, servant, or agent of Defendant Werner Enterprises, Inc.

13.

Plaintiff has suffered personal injury arising out of the incident which occurred on March 16, 2021.

## COUNT ONE

### GENERAL NEGLIGENCE

14.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-13 of this Complaint as if fully set forth herein.

15.

Defendant Bucarey owed a duty of care to the Plaintiff in the operation of the semi-truck owned by Werner Enterprises, Inc.

16.

Defendant Bucarey failed to use ordinary care by negligently operating the semi-truck and disregarding safety to himself and other drivers.

17.

Defendant Bucarey's negligence is the proximate and legal cause of the injuries sustained by the Plaintiff.

18.

As a result of the negligence of Defendant Rafael Bucarey, the Plaintiff suffered injuries to her person and incurred pain, suffering, and emotional distress.

19.

Plaintiff has suffered special damages as outline below:

**MEDICAL EXPENSES:**

| | |
|---|---:|
| South Georgia Medical Center | $ 5,381.00 |
| South Georgia Emergency Medicine Associates, P.C. | $ 1,697.00 |
| Radiology Associates of Valdosta, LLC. | $   392.00 |
| Care Medical Center | $11,645.00 |
| Open MRI of Tifton, LLC | $ 2,598.00 |
| Walgreens Pharmacy | $    89.44 |
| **Total** | **$21,802.44** |

## COUNT TWO

### NEGLIGENCE PER SE

20.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-19 of the Complaint as if fully set forth herein.

21.

Defendant Bucarey was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. by backing the semi-truck into the Plaintiff's vehicle while stopped at a red light in violation of Georgia statute.

22.

Defendant Bucarey was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. by backing the semi-truck up until he hit the Plaintiff's vehicle in violation of Georgia statute. Said violation constitutes as negligence *per se.*

23.

The above-named statute created a duty on Defendant Bucarey in which Plaintiff was a member of the class sought to be protected.

24.

As a proximate legal result of the negligence of Defendant Bucarey in violation of Georgia statute, the Plaintiff suffered injury, and suffered significant medical bills, pain, suffering, and emotional distress.

## **COUNT THREE**

### RESPONDENT SUPERIOR

25.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-24 of this Complaint as if fully set forth herein.

26.

At all times pertinent hereto, Defendant Bucarey was an employee, servant, and agent of Defendant Werner Enterprises, Inc.

27.

On March 16, 2021, Defendant Bucarey was acting within the course and scope of his employment of Defendant Werner Enterprises, Inc. when he was negligent in the operation of the semi-truck owned by Defendant Werner Enterprises, Inc. which led to the Plaintiff's injuries.

28.

Defendant Werner Enterprises, Inc. is thus liable to the Plaintiff for the damages and suffering caused by its employee's negligence or gross negligence.

## **COUNT FOUR**

### NEGLIGENT HIRING AND RETENTION

29.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-28 of this Complaint as fully set forth herein.

30.

Defendant Werner Enterprises, Inc. failed to maintain adequate policies and procedures for their employees.

31.

Appropriate investigation into the background and capabilities of Defendant Bucarey would have revealed that he should not be retained as an employee of Defendant Werner Enterprises, Inc.

32.

Defendant Werner Enterprises, Inc. was negligent in the hiring and retention of Defendant Bucarey as its employee.

33.

The Plaintiff is entitled to recover from Defendant Werner Enterprises, Inc. for its negligent hiring and retention of Defendant Bucarey.

## **COUNT FIVE**

### DIRECT ACTION

34.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-33 of this Complaint as if fully set forth herein.

35.

Defendant Ace American Insurance Company is the liability insurance carrier for Defendant Werner Enterprises, Inc.

36.

Defendant Ace American Insurance Company issued a comprehensive liability policy to Defendant Werner Enterprises, Inc. which provides insurance coverages for negligence acts of Defendant Werner Enterprises, Inc. and its employees, servants, and agents.

37.

The insurance policy issued by Defendant Ace American Insurance Company has been filed and approved by the Georgia Public Service Commission in compliance with O.C.G.A. §40-1-112.

38.

The insurance policy issued by Defendant Ace American Insurance Company is for the benefit of those who have a cause of action for damages for negligence of the motor carrier, Defendant Werner Enterprises, Inc.

39.

The insurance policy issued by Defendant Ace American Insurance Company is for the benefit of the Plaintiff in this action against Defendants.

40.

Defendant Ace American Insurance Company has failed and refused to settle or otherwise resolve the claims of the Plaintiff against the Defendant.

41.

The Plaintiff is entitled to recover against Defendant Ace American Insurance Company for all of her claims herein.

## COUNT SIX

### PUNITIVE DAMAGES

42.

Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs1-41 of this Complaint as if fully set forth herein.

43.

The wrongful acts of Defendants show willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care which raises the presumption of conscious indifference to consequences and the right of others.

44.

Punitive damages should be imposed upon Defendants to keep such wrongful conduct from being repeated.

45.

The Plaintiff is entitled to recover punitive damages from the Defendants for their wrongful conduct.

WHEREFORE PLAINTIFFS PRAY FOR THE FOLLOWING RELIEF:

(a)     That process issue according to law;

(b)     That judgment be issued against the Defendants;

(c)     That Plaintiff be awarded Special Damages in an amount of at least $21,802.44;

(d)     That the Plaintiff have a trial by a jury;

(e)     That the Plaintiff be awarded general damages at an amount to be determined at trial;

(f)     That the Plaintiff be awarded punitive damages in an amount to be determined at trial;

(g)     That the Plaintiff be awarded attorneys fees and costs for the necessity of having to

file a lawsuit; and

(h)     Any other relief the Court deems just and proper.


This 2nd day of ~~January~~, 2022.
                    February

Address of Counsel:

BY: _____

P.O. Box 3123
Valdosta, GA 31604-3123
(229) 242-14341

Carl G. Fulp, III
State Bar No.: 280569

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/3/2022 8:35 AM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

SHANTELLE REAMS,                                    *

    Plaintiff,                                    *     CIVIL ACTION NO.:
                                   2022CV0149
v.                                                  *     _____

RAFAEL BUCAREY,                                     *
WERNER ENTERPRISES, INC.  &
ACE AMERICAN
INSURANCE COMPANY                                   *

    Defendants.
                                  *
_____

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: WERNER ENTERPRISES, INC.

    You are hereby summoned and required to file with the Clerk of said Court and serve

upon Carl G. Fulp, III, Plaintiff's attorney, whose address is P.O. Box 3123, Valdosta, Ga.

31604-3123, appropriate defensive pleadings to the complaint which is herewith served upon

you within thirty (30) days after service of this summons upon you, exclusive of the day of

service.  If you fail to do so, judgment by default will be taken against you for the relief

demanded in the complaint.

    Dated this ___3rd___ day of ___February___ 2022.


                                  /s/ Stacy Barrett
                                _____
                                DEPUTY/CLERK OF COURT

Lowndes County - Superior Cour
2022CV014!
2/3/2022 8:35 AM
Beth C. Green
Clerk of Superior State Juvenile Court:
Reviewed by: Stacy Barret

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

### STATE OF GEORGIA

| | | |
|---|---|---|
| **SHANTELLE REAMS,** | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.:** |
| | | 2022CV0149 |
| v. | * | |
| | | |
| **RAFAEL BUCAREY,** | * | |
| **WERNER ENTERPRISES, INC. &** | | |
| **ACE AMERICAN** | | |
| **INSURANCE COMPANY** | * | |
| | | |
| **Defendants.** | | |
| | * | |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT: WERNER ENTERPRISES, INC.

You are hereby summoned and required to file with the Clerk of said Court and serve upon Carl G. Fulp, III, Plaintiff's attorney, whose address is P.O. Box 3123, Valdosta, Ga. 31604-3123, appropriate defensive pleadings to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Dated this ___3rd___ day of ___February___ 2022.

/s/ Stacy Barrett

DEPUTY/CLERK OF COURT

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/2/2022 2:05 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

**General Civil and Domestic Relations Case Filing Information Form**

◉ Superior or ☐ State Court of _____Lowndes_____ County

| For Clerk Use Only | | |
|---|---|---|
| **Date Filed** 2/2/2022 | | **Case Number** 2022CV0149 |
| MM-DD-YYYY | | |

**Plaintiff(s)**

Reams, Shantelle
Last    First    Middle I.    Suffix    Prefix

Last    First    Middle I.    Suffix    Prefix

Last    First    Middle I.    Suffix    Prefix

Last    First    Middle I.    Suffix    Prefix

**Defendant(s)**

Bucarey, Rafael
Last    First    Middle I.    Suffix    Prefix

Werner Enterprises Inc.
Last    First    Middle I.    Suffix    Prefix

Ace American Ins Co.
Last    First    Middle I.    Suffix    Prefix

Last    First    Middle I.    Suffix    Prefix

**Plaintiff's Attorney** Carl G. Fulp, III    **Bar Number** 280569    **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
Case Number                Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/8/2022 11:53 AM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| **SHANTELLE REAMS,** | * |
| **Plaintiff,** | * |
| **v.** | * |
| **RAFAEL BUCAREY,** | * |
| **WERNER ENTERPRISES, INC.  &** | |
| **ACE AMERICAN** | |
| **INSURANCE COMPANY** | * |
| **Defendants.** | * |
| | * |

**CIVIL ACTION NO.:**

2022CV0149

_____

### CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the foregoing

**Plaintiff's First Interrogatories and Request for Production of Documents to Ace American**

**Insurance Company** upon all parties by electronic mail and Odyssey e-filing system which will

send notification of such filing to the following:

This _8_ day of February, 2022.

Address of Counsel:
P.O. Box 3123
Valdosta, GA 31604-3123
(229) 242-1434

BY:_____

Carl G. Fulp, III
State Bar No.: 280569

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/8/2022 11:53 AM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **SHANTELLE REAMS,** | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.:** |
| **v.** | * | 2022CV0149 |
| **RAFAEL BUCAREY,** | * | |
| **WERNER ENTERPRISES, INC. &** | | |
| **ACE AMERICAN** | | |
| **INSURANCE COMPANY** | * | |
| **Defendants.** | * | |
| | * | |

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the foregoing

**Plaintiff's First Interrogatories and Request for Production of Documents to Rafael**

**Bucarey** upon all parties by electronic mail and Odyssey e-filing system which will send

notification of such filing to the following:

This ___8___ day of February, 2022.

Address of Counsel:                          BY: _____
P.O. Box 3123                                     Carl G. Kulp, III
Valdosta, GA 31604-3123                     State Bar No.: 280569
(229) 242-1434

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
3/7/2022 1:45 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Victor Aviles

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served a true and correct copy of the foregoing

**NOTICE OF DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS**

upon all parties by electronic mail and Odyssey e-filing system which will send notification of

such filing to the following:

Mr. Sean Cox
Hall Booth Smith, P.C.
191 Peachtree St. N.E.
Suite 2900
Atlanta, GA. 30303-1775

This _____ day of March, 2022.

address of Counsel:
Carl G. Fulp, III
P.O. Box 3123
Valdosta, GA 31604-3123
(229) 242-1434

BY:_____
                    Carl G. Fulp, III
                    State Bar No.: 280569

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
3/7/2022 1:45 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Laura Gallegos

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the foregoing

**NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS**

upon all parties by electronic mail and Odyssey e-filing system which will send notification of

such filing to the following:

> Mr. Sean Cox
> Hall Booth Smith, P.C.
> 191 Peachtree St. N.E.
> Suite 2900
> Atlanta, GA. 30303-1775

This _____ day of March, 2022.

address of Counsel:
Carl G. Fulp, III
P.O. Box 3123
Valdosta, GA 31604-3123
(229) 242-1434

BY: _____
Carl G. Fulp, III
State Bar No.: 280569

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
3/7/2022 1:45 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Victor Aviles

### CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the foregoing

**WAIVER OF SERVICE OF SUMMONS** upon all parties by  electronic mail and Odyssey e-

filing system which will send notification of such filing to the following:

> Mr. Sean Cox
> Hall Booth Smith, P.C.
> 191 Peachtree St. N.E.
> Suite 2900
> Atlanta, GA. 30303-1775

This _7th_ day of March, 2022.

address of Counsel:                                     BY: _____
Carl G. Fulp, III                                                        Carl G. Fulp, III
P.O. Box 3123                                                  State Bar No.: 280569
Valdosta, GA 31604-3123
(229) 242-1434

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/8/2022 11:53 AM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **SHANTELLE REAMS,** | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.:** |
| **v.** | * | 2022CV0149 |
| **RAFAEL BUCAREY,** | * | |
| **WERNER ENTERPRISES, INC. &** | | |
| **ACE AMERICAN** | | |
| **INSURANCE COMPANY** | * | |
| **Defendants.** | * | |

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the foregoing

**Plaintiff's First Interrogatories and Request for Production of Documents to Werner**

**Enterprises, Inc.** upon all parties by electronic mail and Odyssey e-filing system which will

send notification of such filing to the following:

This _____ day of February, 2022.

Address of Counsel:                          BY: _____
P.O. Box 3123                                          Carl G. Fulp, III
Valdosta, GA 31604-3123                          State Bar No.: 280569
(229) 242-1434

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/2/2022 2:05 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **SHANTELLE REAMS,** | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.:** |
| **v.** | * | 2022CV0149 |
| **RAFAEL BUCAREY,** | * | |
| **WERNER ENTERPRISES, INC. &** | | |
| **ACE AMERICAN** | | |
| **INSURANCE COMPANY** | * | |
| **Defendants.** | * | |

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ACE AMERICAN INSURANCE COMPANY

The Plaintiff, Shantelle Reams, requests that Ace American Insurance Company answer under oath, and in accordance with the Georgia Rules of Civil Procedure the interrogatories hereto annexed as Exhibit "A" hereof and serve a copy of such answers upon the undersigned within forty-five (45) days after the service of these interrogatories; and, these interrogatories hereby being designated as continuing in nature, requests that additional and supplementary answers and amendments thereafter be successively and seasonably made as may be necessary to continuously answer said interrogatories, currently, fully, truthfully and completely, and also as required by the Georgia Rules of Civil Procedure.

Pursuant to Section 34, produce legible copies of all documents requested or produce for inspection and copying by the Plaintiff, all items listed on Exhibit "B" hereto annexed, at the offices of Carl G. Fulp, III, P.C., P.O. Box 3123, Valdosta, Georgia 31604-3123, on the 45th day from service.

Pursuant to O.C.G.A. §9-11-36, please admit or deny all items listed on Exhibit "C"

hereto annexed within 45 days after service of these Requests for Admission.

This ___2nd___ day of ~~February~~ 2022.

Address of Counsel:
P.O. Box 3123
Valdosta, GA 31604-3123
(229) 242-143

BY: _____
        Carl G. Fulp, III
        State Bar No. 280569

## EXHIBIT "A"

## INTERROGATORIES

1.

Please state the full name, address, occupation, and title of the person answering these interrogatories.

2.

Please state your state of incorporation and state of your principal place of business.

3.

If the Insurance Company "Ace American Insurance Company" is not properly named, please state the full and correct name of the entity identified as Ace American Insurance Company in this suit both at the present and at the date of the occurrence in question.

4.

State the name and address of any potential party to this lawsuit, not already a party hereto.

5.

State the name and address of each person, including experts, having any knowledge of relevant facts related to the accident which is the basis of this lawsuit, the cause thereof, or the damages resulting therefrom.

6.

State the name, address, and qualifications of each expert whom you expect to call as an expert witness at the trial of this case, the subject matter concerning which the expert expects to testify, and attach a copy of any report, including factual observations and opinions, which has been prepared by any such expert.

7.

Please state whether or not you have a copy of any statement which the plaintiff has previously made concerning the action or its subject matter and which is in your possession, custody or control. For the purpose of this question, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

8.

Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured, the name of the insurer, and the amount of any liability insurance coverage.

9.

Describe in your own words how the accident occurred and state specifically and in detail what the claim or contention of Ace American Insurance Company Insurance Company will be regarding any cause or contributing cause of the accident, including a statement in detail of the facts or information upon which this contention is based.

10.

What are the names, addresses, telephone numbers, places for employment, job titles, or capacities, and present whereabouts of all servants, agents, employees, representatives, private investigators, insurance adjusters, or others who investigated the injuries complained on in this case or on behalf of Ace American Insurance Company Insurance Company?

11.

List and identify in specific detail each and every document or documents (as defined in the preamble above) or other items of real or documentary evidence having any connection with

or containing any information or material which is or may be relevant to any of the issues involved in the captioned matter (including, but not limited to, medical reports, statements of witnesses or parties to this suit, reports or investigations, and bills for services and expenses) provide a description or other means of exact identification of each such document, the date of each such document, the name, address and place of employment of the person who has custody or control of each such document and state where and when Plaintiff may examine same. If you will do so without notice to produce, attach a copy of each such document to your answers to these interrogatories.

12.

Only if you allege any defense to the action based on jurisdiction, venue, issuance of process, process itself, or service of process, as to each such defense, please state:

(a) Each and every fact upon which you rely in asserting such defense;

(b) Provide a complete description of all documents which you contend support the assertions of the said defense;

(c) The name and address of all persons having custody and control of the documents described in (b) above; and

(d) Please provide full and complete legal addresses of this Defendant's registered office and agent.

13.

Describe in detail any conversations you have had with the plaintiff or plaintiff's representative following the accident in question.

14.

What are the names, addresses, telephone numbers, places for employment, job titles, or capacities, and present whereabouts of all witnesses known to Ace American Insurance Company Insurance Company who:

    a.  Arrived or claimed they arrived at the scene of the accident immediately or shortly after its happening.

    b.  Saw or claimed they saw any part of the accident complained of in this action.

    c.  Have knowledge or relevant information, facts, or circumstances in this case.

    d.  Progressive intends to have testify or are considering having testify in their behalf in this case, whether in person or in deposition.

15.

Were any statements, written or otherwise, obtained from anyone, including dependent or other parties to this action, interviewed or questioned by or on behalf of the defendant in connection with the injuries complained of in this case?  If so:

    a.  List the names, addresses, telephone numbers, places for employment, job titles, or capacities, and present whereabouts of all persons giving such statements, the date on which they were obtained, and the person or persons who have present custody and/or control thereof.

    b.  If you will do so without a request for production of documents, please attach a copy of such statements to your answers to these interrogatories.

16.

a.  Please furnish the name or names of the liability insurance carrier or carriers for the defendant at the time of the injuries complained of, and furnish a policy limit (that is the

amount of coverage) of any liability insurance policies in force at the time of the injuries complained of as well as the policy (ies) numbers.

b.  State whether or not defendant has any excess liability insurance coverage such as a policy providing what is commonly called "umbrella coverage" or protection or any similar excess liability coverage policy (ies).

c.  If you will please do so without a request for production documents, please attach copies of such policy to your answers to these interrogatories.

17.

Please furnish the names, addresses, telephone numbers, places for employment, job titles, or capacities, and present whereabouts of all witnesses defendant has employed in anticipation of the litigation and state the following: name and address of witness, name and address of his or her employer, or organization with which he or she is associated in a professional capacity, and substance to the facts as to which he or she is expected to testify.

18.

Please state whether you conducted an investigation of the incident which forms the basis of this suit.

19.

Please state whether it was the regular course of business and standard procedure for the Progressive to investigate any claim submitted.

## EXHIBIT "B"
## PRODUCTION REQUESTED

### 1.

Names and addresses of together with any and all expert reports which have been obtained from any expert and if a report has not been prepared, the preparation of a report is hereby requested.

### 2.

Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering Defendant or the automobile being driven by Defendant at the time in question.

### 3.

Copies of any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by plaintiff hereto and contemporaneously recorded.

### 4.

Any pictures or videos taken relative to the claims of the accident scene which forms the basis of this suit.

### 5.

Any and all documents relevant to this case including those which may be offered as evidence.

6.

All training manuals or procedures in use by Ace American Insurance Company for training its employees claims investigation.

7.

All employee handbooks which were distributed to the employees and which are applicable in the approximate time period of the Plaintiff's claim.

8.

Copies of any incident or accident report prepared in relation to the incident which forms the basis of this suit.

9.

A certified copy of your policy issued to Plaintiff.

10.

Originals or copies of all written or recorded statements relating to the incident in this case.

11.

Copies of any incident or accident report prepared in relation to the incident which forms the basis of this suit.

12.

Copies of your claims file with regard to the incident which forms the basis of this suit.

13.

Copies of your investigative file with regard to the incident which forms the basis of this suit.

14.

Copies of your underwriting file with regard to the incident which forms the basis of this suit.

15.

Copies of each photograph, video, plat, chart or drawing available to you which illustrates or supports any contentions made by you, or which you expect to make, in this action, or which are pertinent to any of the issues involved in this action.

16.

A complete copy of all rating information used to underwrite the policy issued to your insured, and a complete copy of your underwriting, investigative, and claims files on your insured.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN LIEU OF PRODUCTION AT THE DESIGNATED PLACE, YOU MAY MAKE SUCH PRODUCTION BY ATTACHING TO YOUR ANSWERS TO THE FOREGOING INTERROGATORIES, OR TO YOUR RESPONSE TO THIS NOTICE TO PRODUCE, TRUE AND CORRECT COPIES OF THE DOCUMENTS, ITEMS AND WRITINGS OF WHICH PRODUCTION IS REQUESTED AND SERVING THE SAME WITH THE COPIES OF YOUR ANSWERS TO THE FOREGOING INTERROGATORIES, OR TO YOUR RESPONSE TO THE REQUEST FOR PRODUCTION.

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/2/2022 2:05 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **SHANTELLE REAMS,** | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.:** |
| **v.** | * | 2022CV0149 |
| **RAFAEL BUCAREY,** | * | |
| **WERNER ENTERPRISES, INC. &** | | |
| **ACE AMERICAN** | | |
| **INSURANCE COMPANY** | * | |
| **Defendants.** | * | |

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT RAFAEL BUCAREY

The Plaintiff, Shantell Reams, requests that the Defendant, Rafael Bucarey, answer under oath, and in accordance with Section 33 of the Georgia Civil Practice Act the interrogatories hereto annexed as Exhibit "A" hereof and serve a copy of such answers upon the undersigned within forty-five (45) days after the service of these interrogatories; and, these interrogatories hereby being designated as continuing in nature, requests that additional and supplementary answers and amendments thereafter be successively and seasonably made as may be necessary to continuously answer said interrogatories, currently, fully, truthfully and completely, and also as required by the Georgia Civil Practice Act in Section 26 (e) (1) (2) and (3).

Pursuant to Section 34, produce legible copies of all documents requested or produce for inspection and copying by the Defendant, all items listed on Exhibit "B" hereto annexed, at the offices of Attorney, Carl G. Fulp, III, P.O. Box 3123, Valdosta, GA. 31604-3123 on the 45th day from service.

This 2nd day of ~~January~~ February, 2022.

Address of Counsel:
P.O. Box 3123
Valdosta, GA 31604-3123
(229) 242-1434

BY: _____
Carl G. Fulp, III
State Bar No. 280569

## EXHIBIT "A"

## INTERROGATORIES

1.

Please state your full name, address, age, date of birth, social security number, driver's license number, place of birth, and marital status, the name of your spouse, if any, any other name by which you may have been known and where and when such other name or names were used, and telling, if your name has been illegally changed at any time, when, where and through what procedure it was changed.

2.

State the name and address of the owner and all occupants of the vehicle which you were operating and/or owned at the time of the accident.

3.

State where you had been just prior to the accident, where you were going at the time of the accident, and the purpose of the trip.

4.

State the name and address of each person, including experts, having any knowledge of relevant facts related to the accident which is the basis of this lawsuit, the cause thereof, or the damages resulting therefrom.

5.

State the name and address of any potential party to this lawsuit, not already a party hereto.

6.

State the name, address, and qualifications of each expert whom you expect to call as an expert witness at the trial of this case, the subject matter concerning which the expert expects to testify, and attach a copy of any report, including factual observations and opinions, which has been prepared by any such expert.

7.

Please state whether or not you have a copy of any statement which the plaintiff has previously made concerning the action or its subject matter and which is in your possession, custody or control. For the purpose of this question, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

8.

Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured, the name of the insurer, and the amount of any liability insurance coverage.

9.

Describe in your own words how the accident occurred and state specifically and in detail what the claim or contention of the Defendant will be regarding any cause or contributing cause of the accident, including a statement in detail of the facts or information upon which this contention is based.

10.

Please state the speed of your vehicle at all times material to the accident in question, including specifically your speed at the time of impact, and if your brakes were on at the time of impact, please state your speed before applying your brakes.

11.

State in detail what intoxicating beverages, if any, you had consumed and what drugs or medications, if any, you had taken during the 24-hour period immediately preceding the accident.

12.

Describe in detail what damage, if any, was done to your vehicle in the accident, and give the cost of repair to your vehicle.

13.

Describe in detail what injuries, if any, you received in the accident.

14.

Describe in detail any conversations you have had with the Plaintiff or Plaintiff's representative following the incident in question.

15.

Describe any information you have indicating or any reason you have to believe that there was any defect or failure on the part of any vehicle or equipment involved in the accident.

16.

Describe any traffic citation you received as a result of this accident by stating the name and location of the Court involved, the violations of the law charged in that citation, and the date, place and manner of the disposition of the citation.

17.

State whether or not you were acting within the course and scope of any agency, employment, or service at the time of the accident, and describe the type of relationship of the persons involved.

18.

Describe any criminal record you may have, including the nature of the charge, date, and place of arrest, and conviction, if any.

19.

What are the names, addresses, telephone numbers, places for employment, job titles, or capacities, and present whereabouts of all servants, agents, employees, representatives, private investigators, insurance adjusters, or others who investigated the injuries complained on in this

case or on behalf of the Defendant?

20.

Were any statements, written or otherwise, obtained from anyone, including defendant in connection with the injuries complained of in this case?  If so:

(a)     List the names, addresses, telephone numbers, places for employment, job titles, or capacities, and present whereabouts of all persons giving such statements, the date on which they were obtained, and the person or persons who have present custody and/or control thereof.

(b)     If you will do so without a request for production of documents, please attach a copy of such statements.

21.

List and identify in specific detail each and every document or documents (as defined in the preamble above) or other items of real or documentary evidence having any connection with or containing any information or material which is or may be relevant to any of the issues involved in the captioned matter (including, but not limited to, medical reports, statements of witnesses or parties to this suit, reports or investigations, and bills for services and expenses) provide a description or other means of exact identification of each such document, the date of each such document, the name, address and place of employment of the person who has custody or control of each such document and state where and when Plaintiff may examine same.  If you will do so without notice to produce, attach a copy of each such document to your answers to these interrogatories.

22.

Please state your present residence address and the period during which you have resided at said address, all other addresses at which you have resided during the past ten years, and the date of the use of each.

23.

Please state the name and address of each of your employers and a description of each

job, including self-employment you have held during the past fifteen years, giving the hours worked each week during the two week period immediately preceding the alleged injury, the inclusive dates each job was held, and telling whether a physical examination was required to get or keep each job.

24.

State each and every act or omission of which you claim the Plaintiff was guilty and which you also claim constituted negligence which proximately caused or contributed to the incident forming the basis of this lawsuit, and state the name, address and telephone number of all persons known by you to be witnesses to any of the facts enumerated in your answer to this interrogatory.

25.

State the purpose, point and time of beginning, destination, and the length of time and place of all stops of the trip you were on at the time of the incident referred to in the complaint, and state the name and address of each passenger and operator of the vehicle used during said trip and at the time of said accident, and the name and address of the owner of the vehicle at the time of the incident referred to in the complaint.

26.

Only if you allege any defense to the action based on jurisdiction, venue, issuance of process, process itself, or service of process, as to each such defense, please state:

(a) Each and every fact upon which you rely in asserting such defense;

(b) Provide a complete description of all documents which you contend support the assertions of the said defense;

(c) The name and address of all persons having custody and control of the documents described in (b) above; and

(d) Please provide full and complete legal address of this Defendant's registered office and agent.

27.

List any and all telephone numbers, including cell phone numbers and pager numbers and the service provider, available to you, whether or not you contend that they were in use, on the date and time of the collision.  Include also the name of the company providers and account numbers of phone you had at the date of the occurrence, two years prior the occurrence, and all times thereafter.

## EXHIBIT "B"

## PRODUCTION REQUESTED

1.

A copy of the Defendant's driver's license.

2.

A copy of the title to the vehicle the Defendant was driving at the time in question which is the subject of this lawsuit.

3.

Any and all photographs that the defendant has of the vehicle, parties, scene in question following the accident.

4.

Names and addresses of together with any and all expert reports which have been obtained from any expert and if a report has not been prepared, the preparation of a report is hereby requested.

5.

A copy of any damage appraisal made of the defendant's vehicle.

6.

Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering Defendant or the automobile being driven by Defendant at the time in question.

7.

Copies of any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by plaintiff hereto and contemporaneously recorded.

8.

Any and all drawings, maps, or sketches of the scene of the accident which has been made the basis of this lawsuit.

9.

A copy of any contract of employment that would govern relationship with any other party or bear on the issue of scope of employment.

10.

A copy of any letter, memo, or document relating to any settlement agreement between defendants, where multiple defendants.

11.

A copy of any surveillance movies, photos, etc. of plaintiff.

12.

A list of the names and addresses of witnesses with knowledge of the facts.

13.

Any and all documents relevant to this case including those which may be offered as evidence.

14.

Originals or copies of all written or recorded statements relating to the incident in this case.

15.

Copies of each photograph, video, plat, chart or drawing available to you which illustrates or supports any contentions made by you, or which you expect to make, in this action, or which are pertinent to any of the issues involved in this action.

16.

Copies of each report, including photographs and charts, referred to therein, made by any expert whom you expect to call as a witness in this action.

17.

A complete copy of any and all time records for Defendant for the time period of three months before the collision in this case. This request is to include time cards, time sheets, or any other documents showing the hours during which Defendant was being paid to work.

18.

Any and all records referring the salary or wages paid to Defendant for three months prior to the collision in this case.

19.

Any and all records reflecting salary, income, benefits, or time spent by Defendant working for any employer, including himself, for the time period of three months prior to the date of the collision in this case.

20.

Logs or records commonly know as "driver's daily logs," "MCS-139," "MCS-139 A," "grid sheets," or "Driver's Multi-Day Logs," for the period commencing three months prior to the wreck in this case and including thirty (30) days after the date of the wreck.

21.

A complete copy of your tax returns for the past three years.

22.

Identify and produce any and all cell phone bills including all phone numbers available to you, account numbers, providers and/or company name for thirty days after the date of the collision and for thirty days before said collision.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN LIEU OF PRODUCTION AT THE DESIGNATED PLACE, YOU MAY MAKE SUCH PRODUCTION BY ATTACHING TO YOUR ANSWERS TO THE FOREGOING INTERROGATORIES, OR TO YOUR RESPONSE TO THIS NOTICE TO PRODUCE, TRUE AND CORRECT COPIES OF THE DOCUMENTS, ITEMS AND WRITINGS OF WHICH PRODUCTION IS REQUESTED AND SERVING THE SAME WITH THE COPIES OF YOUR ANSWERS TO THE FOREGOING INTERROGATORIES, OR TO YOUR RESPONSE TO THE REQUEST FOR PRODUCTION.

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0149
2/2/2022 2:05 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

# IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **SHANTELLE REAMS,** | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.:** |
| **v.** | * | 2022CV0149 |
| **RAFAEL BUCAREY,** | * | |
| **WERNER ENTERPRISES, INC. &** | | |
| **ACE AMERICAN** | | |
| **INSURANCE COMPANY** | * | |
| **Defendants.** | * | |

---

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT WERNER ENTERPRISES, INC.

The Plaintiff, Shantelle Reams, requests that the Defendant, Werner Enterprises, Inc. answer under oath, and in accordance with Section 33 of the Georgia Civil Practice Act the interrogatories hereto annexed as Exhibit "A" hereof and serve a copy of such answers upon the undersigned within forty-five (45) days after the service of these interrogatories; and, these interrogatories hereby being designated as continuing in nature, requests that additional and supplementary answers and amendments thereafter be successively and seasonably made as may be necessary to continuously answer said interrogatories, currently, fully, truthfully and completely, and also as required by the Georgia Civil Practice Act in Section 26 (e) (1) (2) and (3).

Pursuant to Section 34, produce legible copies of all documents requested or produce for inspection and copying by the Defendant, all items listed on Exhibit "B" hereto annexed, at the offices of Attorney, Carl G. Fulp, III, P.O. Box 3123, Valdosta, GA. 31604-3123.

This 2ng day of ~~January~~, 2022.

February

Address of Counsel:
P.O. Box 3123
Valdosta, GA 31604-3123
(229) 242-1434

BY _____

Carl G. Fulp, III
State Bar No.: 280569

## EXHIBIT "A"

## INTERROGATORIES

### 1.

Please state the full name, address, occupation, and title of the person answering these interrogatories.

### 2.

If the Defendant is not properly named, please state the full and correct name of the entity identified as Defendant in this suit both at the present and at the date of the occurrence in question.

### 3.

If the entity identified above is a corporation, please provide its date of incorporation, state of incorporation, the name and address of all officers, and when the corporation was licensed to do business in the State of Georgia.

### 4.

State whether or not you were the owner, lessee, operator or an occupant of a vehicle which was involved in this accident.

### 5.

State the name and address of the owner and all occupants of the vehicle which your driver was operating and/or owned at the time of the accident.

### 6.

State where the driver had been just prior to the accident, where he was going at the time of the accident, and the purpose of the trip.

### 7.

State the name and address of each person, including experts, having any knowledge of relevant facts related to the accident which is the basis of this lawsuit, the cause thereof, or the damages resulting therefrom.

8.

State the name and address of any potential party to this lawsuit, not already a party hereto.

9.

State the name, address, and qualifications of each expert whom you expect to call as an expert witness at the trial of this case, the subject matter concerning which the expert expects to testify, and attach a copy of any report, including factual observations and opinions, which has been prepared by any such expert.

10.

Please state whether or not you have a copy of any statement which the plaintiff has previously made concerning the action or its subject matter and which is in your possession, custody or control.  For the purpose of this question, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

11.

Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured, the name of the insurer, and the amount of any liability insurance coverage.

12.

Describe in your own words how the accident occurred and state specifically and in detail what the claim or contention of the Defendant will be regarding any cause or contributing cause of the accident, including a statement in detail of the facts or information upon which this contention is based.

13.

Describe in detail what damage, if any, was done to the vehicle in the accident, and give the cost of repair to the vehicle.

14.

Describe in detail any conversations you have had with the Plaintiff or Plaintiff's representative following the incident in question.

15.

Describe any information you have indicating or any reason you have to believe that there was any defect or failure on the part of any vehicle or equipment involved in the accident.

16.

State whether or not the driver was acting within the course and scope of any agency, employment, or service at the time of the accident, and describe the type of relationship of the persons involved.

17.

What are the names, addresses, telephone numbers, places for employment, job titles, or capacities, and present whereabouts of all servants, agents, employees, representatives, private investigators, insurance adjusters, or others who investigated the injuries complained on in this case or on behalf of the Defendant?

18.

Were any statements, written or otherwise, obtained from anyone, including defendant in connection with the injuries complained of in this case? If so:

(a) List the names, addresses, telephone numbers, places for employment, job titles, or capacities, and present whereabouts of all persons giving such statements, the date on which they were obtained, and the person or persons who have present custody and/or control thereof.

(b) If you will do so without a request for production of documents, please attach a copy of such statements.

19.

State each and every act or omission of which you claim the Plaintiff was guilty and which you also claim constituted negligence which proximately caused or contributed to the incident forming the basis of this lawsuit, and state the name, address and telephone number of all persons known by you to be witnesses to any of the facts enumerated in your answer to this interrogatory.

20.

List and identify in specific detail each and every document or documents (as defined in the preamble above) or other items of real or documentary evidence having any connection with or containing any information or material which is or may be relevant to any of the issues involved in the captioned matter (including, but not limited to, medical reports, statements of witnesses or parties to this suit, reports or investigations, and bills for services and expenses) provide a description or other means of exact identification of each such document, the date of each such document, the name, address and place of employment of the person who has custody or control of each such document and state where and when Plaintiff may examine same.  If you will do so without notice to produce, attach a copy of each such document to your answers to these interrogatories.

21.

Please provide the name, address, telephone number, social security number, driver's license number, the state issuing said licenses, and mode of compensation for the person operating the vehicle at the time of this accident.  If this person is no longer employed by you, please provide the date of termination and reason for termination.

22.

Did the person operating the vehicle complete an application for employment prior to the time he was hired by you?

23.

Please identify the person or persons who were the immediate supervisors of the person

operating the vehicle at the time of this accident.

24.

Please identify each person who reviewed the application for employment of the person driving the vehicle prior to the time he was hired by you.

25.

Please identify each person who personally interviewed the person operating the vehicle prior to the time he was employed by you.

26.

Are prospective employees of your company who are considered for hiring and to be entrusted with the operation of vehicles owned by your company routinely tested to determine whether or not they possess safe driving skills?

27.

If your answer to the immediately preceding interrogatory was yes, state whether or not the person operating the vehicle was so tested and, if so, who administered said testing.

28.

Are potential employees being considered for employment in a job capacity which will entail their driving a company owned vehicle routinely checked to determine whether or not they have a history of bad driving habits?

29.

If your answer to the immediately preceding interrogatory is in the affirmative, state whether or not such inquiry was made in the case of the application of the person driving the vehicle.

30.

If you caused any records to be checked concerning the driving history of the person driving the vehicle, please state the results obtained by you as a result of said record checks.

31.

Are prospective employees who are hired for positions which may entail the driving of company vehicles questioned on your employment application concerning their prior driving history?

32.

Were inquiries made on the application of the person driving the vehicle concerning his employment history?  If so, state:

(a)     What questions were asked;

(b)     What answers were given by him?

(c)     Were these answers compared to his actual driving record;

(d)     Did the answers given by him correspond to his driving history as contained in the records of the Georgia Department of Public Safety;

(e)     If there were any discrepancies in the answers furnished by the person driving the vehicle with this driving history, were these discrepancies called to his attention; and

(f)     If these discrepancies were called to his attention, what explanation did he give for any such discrepancies?

33.

Has any employee of your company been hired and later dismissed from employment as a result of information received by you from any drivers' license history check or investigation?

34.

As a result of the drivers' license history investigation of the person driving the vehicle, were his duties altered, was he given any particular instructions concerning his driving habits or was any portion of the terms and conditions of his employment affected in any way as a result of the drivers' license history check?

35.

Prior to the date of the accident in this case and since the time the person operating the vehicle was first employed by you, had this person been involved in any other motor vehicle collisions while operating a company vehicle.

36.

If your answer to the immediately preceding interrogatory is in the affirmative, identify by date, location and names of parties involved all other motor vehicle wrecks in which the person operating the vehicle has been involved while in your employ.

37.

If the person operating the vehicle has been involved in previous motor vehicle collisions while in your employ prior to the collision forming the basis of this lawsuit, with respect to each such collision, state what, if any, remedial action was taken by your company against the person operating the vehicle following each previous wreck.

38.

Only if you allege any defense to the action based on jurisdiction, venue, issuance of process, process itself, or service of process, as to each such defense, please state:

(a) Each and every fact upon which you rely in asserting such defense;

(b) Provide a complete description of all documents which you contend support the assertions of the said defense;

(c) The name and address of all persons having custody and control of the documents described in (b) above; and

(d) Please provide full and complete legal addresses of this Defendant's registered office and agent.

39.

If you contend that any person, firm or entity caused or contributed to the injuries sustained by the Plaintiff, identify by name, address, job title and employer all such persons, firms or entities and state the reasons for your contentions.

40.

Please explain the nature of the employment relationship between you and the driver on the day of the wreck (lease operator, company driver, temporary driver, owner-operator, etc.) and include the date the relationship began, the date it terminated, and, if applicable, the person from your company involved in any such termination.

41.

At the time of the wreck, did you have any policy or procedure manuals pertaining to the operation of a company vehicle such as driver's manuals, company rules or other tangible materials by whatever name?  If so, provide the name of each such manual.

42.

State the name and address for the Safety Director, Federal Safety Regulation Compliance Officer, and the dispatcher for your organization who were in the positions named

above during any portion of your driver's trip which ultimately was involved in the wreck referenced in the Complaint.

43.

As to the vehicle involved in the wreck which your driver was operating, please state:

(a)     Each manufacturer, make, model number and year;

(b)     The trailer's length and width thereof at the longest and widest portions respectively;

(c)     The weight of the trailer empty, its carrying capacity, and the gross vehicular weight;

(d)     The name of the entity to whom the tractor and trailer were titled;

(e)     The total gross weight of the tractor-trailer at the time of the wreck.

44.

In reference to the load being transported at the time of the wreck, please identify:

(a)     Where the load originated;

(b)     The contents and weight of the load;

(c)     The final destination of the load;

(d)     Any contracts signed or entered into pertaining to the transportation of said load;

(e)     The name, address and phone number of the person or persons employed by the contractor and shipper who was in charge of the load at the place where said load originated.

45.

Were any tests (blood, urine or other) performed on your driver by you, pursuant to state or federal regulation or your own safety policies, at any time during the period commencing 45

days prior to the wreck through and including 45 days after the wreck?  If so, please state the name, address and telephone number of the persons, firms or entities who administered said test and all such persons, firms or entities who are in possession of a copy of the results of said tests.

46.

At the time of the wreck, did you have any policy or procedure manuals pertaining to the operation of a company vehicle such as driver's manuals, company rules or other tangible materials by whatever name?  If so, provide the name of each such manual.

47.

As to the vehicle involved in the wreck which forms the basis of this complaint, please state all repair work done in the twenty-four (24) month period immediately preceding the wreck.

48.

Please identify each and every violation of Federal Motor Carrier regulations for which you or your drivers have been cited including the rule or regulation violated, the date of the violation, the agency responsible for enforcing the rule or regulation, and any fine or penalty imposed.

# EXHIBIT "B"

## PRODUCTION REQUESTED

1.

Any and all photographs that the defendant has of the vehicle, parties, scene in question following the accident.

2.

Names and addresses of together with any and all expert reports which have been obtained from any expert and if a report has not been prepared, the preparation of a report is hereby requested.

3.

Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering Defendant or the automobile being driven by Defendant at the time in question.

4.

Copies of any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by plaintiff hereto and contemporaneously recorded.

5.

Any and all drawings, maps, or sketches of the scene of the accident which has been made the basis of this lawsuit.

6.

A copy of any contract of employment that would govern relationship with any other party or bear on the issue of scope of employment.

7.

A copy of any letter, memo, or document relating to any settlement agreement between defendants, where multiple defendants.

8.

A copy of any surveillance movies, photos, etc. of plaintiff.

9.

A list of the names and addresses of witnesses with knowledge of the facts.

10.

Any and all documents relevant to this case including those which may be offered as evidence.

11.

Originals or copies of all written or recorded statements relating to the incident in this case.

12.

Copies of each photograph, video, plat, chart or drawing available to you which illustrates or supports any contentions made by you, or which you expect to make, in this action, or which are pertinent to any of the issues involved in this action.

13.

Copies of each report, including photographs and charts, referred to therein, made by any expert whom you expect to call as a witness in this action.

14.

The application for employment completed by the person operating the vehicle at the time of the accident in this case.

15.

Results of any test which was used to determine whether or not the person operating the vehicle at the time of this accident possessed safe driving skills.

16.

The driving history of the person driving the vehicle at the time of this accident obtained at the time of his employment with your company.

17.

The investigative reports, including Motor Vehicle Accident Reports, for any other wrecks in which the person operating the vehicle at the time of this accident was involved while in your company's employ.

18.

Disciplinary reports or other such reports regarding the person driving the vehicle at the time of this accident after being involved in other wrecks while in your company's employ.

19.

A copy of the incident report or accident report prepared by any person or entity along with a copy of the MC-50 B or T prepared as a result of this wreck.

20.

A copy of all of your driver's driving licenses in effect on the date of this wreck.

21.

A copy of the "accord" statement filed with any insurance carrier to advise them of the wreck described in the Complaint, any claim for property damage or for any other claims involved herein.

22.

A copy of the driver's license of the person operating your vehicle at the time of accident in this case.

23.

A copy of the title to the vehicle in question which is the subject of this lawsuit.

24.

A copy of any damage appraisal made of the defendant's vehicle.

25.

The fidelity bond obtained by your company on behalf of the person operating your vehicle at the time of the accident in this case.

26.

The bonding company's investigative report concerning the person operating your vehicle at the time of the accident in this case.

27.

Any and all documents pertaining to the load being carried at the time of the wreck including but not limited to bills of lading, contracts, toll receipts, food receipts and fuel receipts.

28.

Your driver's complete application for employment, including but not limited to the application required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.21, including your complete personnel or employment file concerning your driver and your driver's qualification file, including but not limited to the file required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.51.

29.

Inquiries and responses to state driving agencies and prior employers of your driver made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.231, inquiries and responses concerning annual reviews of driving records and records of violations regarding your driver, made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.25 and 391.27; Results of tests administered to your driver pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation.  Part 391.31 and 391.35, 391.45 and 391.43, pertaining to road tests, written exams and medical exams, respectively, and any and all results of any random, "reasonable cause," preemployment, biennial and post-accident drug

testing pursuant to 49 C.F.R. 391, state regulations or company policy of the driver of your vehicle.

30.

Logs and records commonly known as "driver's daily logs," "MCS-139," "MCS-139 A," "grid sheets" or "Driver's Multi-Day Logs," concerning your driver for the period commencing three (3) months prior the wreck described in the Complaint to and including thirty (30) days after the date of the wreck described in the Complaint.  (See, Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 395.8)

31.

A copy of all documents showing your authority to operate your trucks through the State of Georgia (such as an I.C.C. permit or certificate of Public Necessity and Convenience) and your permit to operate pursuant to the Interstate Commerce Commission rules.

32.

Copies of all "com-checks," checks, drafts, fuel tax receipts, toll receipts, food receipts, and other documentation for the particular trip wherein the subject wreck occurred commencing from the initial starting point until the time of the wreck.

33.

Copies of all maintenance and repair records for the vehicle which is the subject matter of this case.

34.

A complete copy of any and all time records for Defendant David Edward Sandusky for the time period of three (3) months prior to the collision in this case.  This request is to include time cards, time sheets, or any other documents showing the hours during which Defendant was being paid to work for Defendant in any fashion whatsoever.

35.

Any and all records referencing the salary or wages paid to Defendant Bucarey for the

three (3) months prior to the collision in this case.

36.

A complete copy of your tax returns and financial statements for the past three (3) years.

37.

A complete copy of any and all employee handbooks or policy manuals.

38.

A complete copy of all alcohol and drug use/abuse policies.

* * * * * * * * * * * * * *

IN LIEU OF PRODUCTION AT THE DESIGNATED PLACE, YOU MAY MAKE
SUCH PRODUCTION BY ATTACHING TO YOUR ANSWERS TO THE FOREGOING
INTERROGATORIES, OR TO YOUR RESPONSE TO THIS NOTICE TO PRODUCE, TRUE
AND CORRECT COPIES OF THE DOCUMENTS, ITEMS AND WRITINGS OF WHICH
PRODUCTION IS REQUESTED AND SERVING THE SAME WITH THE COPIES OF
YOUR ANSWERS TO THE FOREGOING INTERROGATORIES, OR TO YOUR
RESPONSE TO THE REQUEST FOR PRODUCTION.